David R. MURRAY, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,*
Defendant-Appellee.

No. 84–6451.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 1986.

Decided April 7, 1986.

Lew Hollman, San Fernando Valley
Neighborhood Legal Services, Inc., Pacoi-
ma, Cal., Barbara M. Bennett, Los Angeles,
Cal., for plaintiff-appellant.

* Otis R. Bowen is substituted for his predecessor,
Margaret M. Heckler, Secretary of Health and

Human Services, pursuant to Fed.R.App.P.
43(c)(1).

Richard K. Willard, Acting Asst. Atty. Gen., Robert C. Bonner, U.S. Atty., Richard K. Waterman, Reg. Atty., Michael R. Power, Dept. of Health & Human Service, San Francisco, Cal., for defendant-appellee.

Before SNEED and KOZINSKI, Circuit Judges, and SOLOMON,** District Judge.

KOZINSKI, Circuit Judge.

■ Appellant challenges the determination of the Secretary of Health and Human Services that payments he received from the State of California pursuant to its relocation assistance program, Cal. Gov't Code § 7264 (West 1980), count as income in calculating his Supplemental Security Income (SSI) benefits.

**Facts**

Appellant David Murray has been receiving SSI benefits since 1968. In 1981, the City of Burbank condemned the apartment building in which Murray lived and, as a result, he was paid $2,303.75 in relocation assistance. Murray reported the payment to the Social Security Administration (SSA); this triggered a recomputation of his SSI entitlement. SSA determined that $718.61 of the relocation payment represented rental refunds and moving expenses, and that the remaining $1,585.75 was unearned income. 20 C.F.R. § 416.1102(a)(1985). Consequently, Murray failed to qualify for SSI benefits for the last quarter of 1981.

This determination was upheld by an Administrative Law Judge; the Appeals Council declined review. Murray then filed this action in district court. The court referred the matter to a magistrate who issued a decision upholding the SSA. The district court approved the magistrate's determination and issued judgment for the Secretary. Murray filed a timely appeal invoking our

jurisdiction pursuant to 28 U.S.C. § 1291 (1982).

**Appellant's Contentions**

Represented by able counsel, appellant raises four arguments challenging the determination below:

First, appellant contends that the relocation payments should have been excluded from the calculation of income pursuant to 42 U.S.C. § 1382a(b)(6)(1982), because they were assistance payments based on need.

Next, he argues that the payments were compensation for a lost resource and therefore should be excluded by virtue of 20 C.F.R. § 416.1151(a)(1985).

Third, he suggests that California law precludes inclusion of the relocation payments in the computation of those benefits funded by California (state supplemental payments or SSP).

Finally, appellant contends that including state relocation payments within the definition of income, while excluding identically calculated federal relocation payments, violates the fifth amendment's guarantee of equal protection.

**Discussion** [1]

A. *Assistance Payments Based on Need*

■ Congress has provided that "[i]n determining the income of an individual [for purposes of SSI] ... there shall be excluded ... assistance, furnished to or on behalf of such individual ... which is based on need and furnished by any State or political subdivision of a State...." 42 U.S.C. § 1382a(b)(6) (1982). Appellant argues that the California relocation assistance payments fall within this definition because they are computed, in part, on the basis of need. Appellant relies on the testimony of James H. Grady, Senior Real Estate Agent, Real Estate Division, City of Burbank, who described how relocation payments are computed pursuant to California Govern-

---

** Hon. Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The facts are not in dispute. We review the district court's determination of legal issues de novo. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

ment Code Section 7264(b). The gist of Grady's testimony is that Murray was entitled to relocation assistance regardless of his income but received more because of his need.

Appellant's argument is foreclosed by regulations governing eligibility for SSI benefits, which provide that "assistance is based on need when it is provided under a program which uses the amount of [the applicant's] income as one factor to determine [his] eligibility." 20 C.F.R. § 416.-1124(c)(2) (1985). Under the scheme adopted by California, need does not determine eligibility for benefits, only the amount to be paid. Thus, Murray would have been entitled to relocation assistance regardless of his income, but received somewhat more on account of need. Under these circumstances, the California relocation assistance payments do not qualify as assistance based on need under 42 U.S.C. § 1382a(b)(6)(1982). Affording the Secretary the appropriate deference in interpreting the statute entrusted to his administration and the regulations he has promulgated thereunder, *see Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), we must reject appellant's contrary contention.

### B. *Compensation for a Lost Resource*

■ In defining income for the purpose of determining SSI eligibility, the regulations exclude "[r]eceipts from the sale, exchange, or replacement of a resource." 20 C.F.R. § 416.1103(c) (1985). Appellant argues that the California relocation assistance payments fall within this exclusion because a displaced individual is only entitled to them if he has been forced to pay more rent in order to obtain comparable housing.[2] Under appellant's theory, occupancy of his old dwelling was a "resource" and the assistance he received to enable him to obtain comparable housing was a payment "from the ... exchange or replacement" thereof.

Once again, appellant's argument is foreclosed by the applicable regulations. The term "resource" is defined as "cash or other liquid assets or any real or personal property that an individual ... owns and could convert to cash...." 20 C.F.R. § 416.1201 (1985). The regulation emphasizes that ability to liquidate is the key factor in determining whether a non-cash asset is a resource: "If a property right cannot be liquidated, the property will not be considered a resource of the individual...." *Id.*

The payments made by California pursuant to section 7264 are not compensation for an estate in the property taken by eminent domain. They are made for the purpose of helping renters find new housing. To qualify for this assistance, renters need not own an estate in the condemned property and there is no indication that any rights Murray might have had in his apartment were transferable to another party or otherwise convertible to cash.

Under the plain reading of the regulations, Murray's interest was not capable of liquidation and therefore is not a resource. California relocation assistance payments therefore cannot be excluded from the computation of income as payments from the exchange or replacement of a resource.

### C. *The Effect of California Law*

■ California provides that relocation assistance payments shall not "be considered as income or resources to any recipient of public assistance and such payment shall not be deducted from the amount of aid to which the recipient would otherwise be entitled under any other provision of law." Cal.Gov't Code § 7269 (West 1980). Appellant argues that this section precludes inclusion of the relocation assistance payments for purposes of calculating SSP, the state portion of SSI payments.

This argument is foreclosed by 42 U.S.C. § 1382e(c)(2)(1982) which provides as follows:

---

**2.** This interpretation of California Government Code Section 7264(b) is supported by Grady's

testimony, which we accept for purposes of this appeal only.

Any state (or political subdivision), in determining the eligibility of any individual for supplementary payments ... may disregard amounts of earned and unearned income in addition to other amounts which it is required or permitted to disregard under this section in determining eligibility, *and shall include a provision specifying the amount of such income to be disregarded,* if any. [Emphasis added.]

Subsections (a) and (b) of this section call for an agreement between the Secretary and the State as to the terms of such state-funded assistance. It is this agreement that must include a provision authorizing the exclusion.

Appellant does not contend that the agreement between the Secretary and the State of California excludes relocation assistance payments from the computation of income for purposes of SSP eligibility. Since Congress has provided a mechanism to conform the computation of SSP to state law, any such exclusion must be accomplished pursuant thereto. The State of California is not a party to this action and we therefore have no occasion to rule whether it may or should amend its agreement with the HHS to provide for the exclusion appellant argues is required by California Government Code Section 7269.

### D.  *Equal Protection*

Appellant's equal protection argument is based on the fact that California's relocation assistance program is virtually identical to the Federal relocation assistance program. *Compare* Cal.Gov't Code § 7264(b) (West 1980), *with* 42 U.S.C. § 4624 (1982). The federal program contains a provision excluding relocation payments from computation of income "for the purpose of determining the eligibility or the extent of eligibility of any person for assistance under the Social Security Act or any other Federal law." 42 U.S.C. § 4636 (1982). Appellant argues that there is no rational basis for treating identical state and federal payments differently.

While California's relocation assistance program mirrors that of the federal government, there is no requirement that it do so. California is free, at any time, to change the nature of its program or eliminate it altogether. Moreover, there is no indication that other states have followed the federal program, nor are they required to do so.

We see no violation of equal protection in treating state and federal relocation assistance payments differently. Since states are free to fashion their programs any way they please, the federal authorities are not acting irrationally in excluding state payments that may or may not, in any one state, at any particular time, differ from federal payments. The equal protection clause does not require the Secretary to search the law of the fifty states to determine which relocation programs track the federal program, both in statutory language and judicial interpretation, and exclude those payments from the computation of income. Congress and the Secretary may paint with a broader brush, excluding all state relocation payments, thereby achieving parity among the states. *See generally Califano v. Jobst,* 434 U.S. 47, 56–58, 98 S.Ct. 95, 100–101, 54 L.Ed.2d 228 (1977).

The judgment of the district court is affirmed.