Nadine WARREN, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,*
Defendant-Appellee.

No. 85–2360.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 1986.

Decided Nov. 21, 1986.

Brent Kato, Legal Asst. for the Elderly,
Francine Zepeda, San Francisco, Cal., for
plaintiff-appellant.

Gregg A. Frampton, Asst. Regional
Atty., Dept. of Health & Human Services,
San Francisco, Cal., for defendant-appellee.

Before WRIGHT, SNEED and KOZIN-
SKI, Circuit Judges.

PER CURIAM.

We review an appeal from a decision of
the Secretary of Health and Human Servic-
es denying disability benefits.

### Facts

In 1978, Nadine Warren successfully ap-
plied for supplemental security income
(SSI) benefits based on disability. She was

* Otis R. Bowen is substituted for his predecessor,
Margaret M. Heckler, pursuant to Fed.R.App.P.
43(c)(1).

suspended from the program shortly thereafter because of an increase in her husband's income. She took a job as an apartment manager. Pursuant to regulation, her suspension from the SSI program became a termination after one year. *See* 20 C.F.R. § 416.1335 (1986).

After the family's financial condition again deteriorated, she reapplied for SSI in late 1981. Her application was rejected both originally and on reconsideration. She then requested and received a hearing before an ALJ. She lost again. The ALJ found, after examining medical reports and hearing oral testimony, that Mrs. Warren's medical problems did not disable her from performing the light work associated with her last job as an apartment manager. The Appeals Council declined to review the case, and Mrs. Warren then sued the Secretary in the district court. There she lost yet a third time.

### Discussion

Appellant contends that the Secretary applied the wrong legal standard to her case by requiring her to show disability rather than presuming that the disability she showed in 1978 had continued. In support of her position, she cites two related, but distinct, lines of cases in this circuit. The first line began with *Stuckey v. Weinberger*, 488 F.2d 904 (9th Cir.1973), which held that 42 U.S.C. § 405(h) (1982) made the doctrine of res judicata applicable to unappealed final decisions of the Secretary.[1] This meant, in *Stuckey*, that a disappointed applicant could not challenge, via petitions to reopen, old decisions denying him benefits that he had not originally appealed. *Id.* at 909 n. 11. Appellant would have us hold that, just as Stuckey could not challenge an old finding of nondisability, so the Secretary here cannot challenge an old finding of disability—in this case, the disability Mrs. Warren had in 1978.

■ We do not need to decide the point; even if res judicata applies to the Secretary, it has no effect on this case. The Secretary is not contesting the existence of Mrs. Warren's disability in 1978. What he is contesting is her disability when she reapplied for SSI in 1981.

Mrs. Warren next argues that the Secretary should have presumed that her previous disability had continued, rejecting her application only on the basis of some proof that her condition had improved. In support, she cites a second line of cases, one that began with *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982). In *Patti*, the court found itself "unable to discern any reason why the familiar principle that a condition, once proved to exist, is presumed to continue to exist, should not be applied when disability benefits are at stake." *Id.* at 587.

■ *Patti* itself is distinguishable: It involved the Secretary's attempt to terminate benefits to *current* recipients who he did not think met the definition of disability. *Id.* at 583. Nevertheless, Mrs. Warren urges us to extend the presumption to help those, like her, who are not current recipients, but who reapply for benefits after having been terminated on non-medical grounds. However, the eligibility of a recipient whose benefits have been terminated for non-medical reasons are governed by regulations. Under these regulations, the applicant need not resubmit evidence of his disability, if he is an erstwhile recipient who "again meets all requirements for eligibility." 20 C.F.R. § 416.1321(b) (1986). But the Secretary makes this presumption only for a year. *See id.* at § 416.1335 (1986). Appellant reapplied for benefits almost three years later. The Secretary's regulation is entitled to deference and carries the force of law. Appellant's argument that we should use *Patti* to second-guess the Secretary on this point was undercut by Congress's decision in 1984 to eliminate the presumption that *Patti* created. *See* 42 U.S.C.A. § 1382c(a)(5) (1983 Supp.1986). We decline to extend this now-overruled case.

AFFIRMED.

---

1. Section 405(h) provides that "[t]he findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing."