**C.M. HIGBEE, Plaintiff,**

v.

**Otis R. BOWEN, Secretary, Health & Human Services, Defendant.**

**Civ. No. 87–1004–E(BTM).**

United States District Court,
S.D. California.

Jan. 10, 1989.

Clarence Mars, Hall Higbee, pro se.

D. Michael Waltz, Asst. U.S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM DECISION

### BACKGROUND

ENRIGHT, District Judge.

This is a suit under sections 1631(c)(3) and 205(g) of the Social Security Act, 42 U.S.C. §§ 1383(c)(3) and 405(g), for review of a final decision of the Secretary of Health and Human Services finding that plaintiff Clarence Higbee was not eligible for supplemental security income (SSI) benefits under Title XVI of the Act. Plaintiff had previously been a recipient of SSI benefits based on disability.

In connection with a continuing eligibility review, on July 22, 1986, plaintiff indicated that he was residing in Mexico and that he came across the border one day a month which, in his opinion, was "the only requirement to make it legal." He also disputed the Social Security Administration's (SSA) right to know where he lived. Tr. 59. On July 28, 1986, plaintiff made similar assertions. The SSA indicated that he would have to prove that he was living in the United States. Tr. 61.

Higbee later denied that he had ever claimed to be a resident of Mexico. Tr. 81. He submitted documents indicating that his mobile home was listed for sale at a price of $8,500. Tr. 88. Other documents submitted reflected a street address in Pine Valley, California, and a "P.O. Box" in Guatay, California. Tr. 89. A temporary driver's license contained a street address

in El Cajon, and plaintiff reported that the El Cajon address was an "office" that he maintained at an industrial complex. Tr. 89, 103.

Regarding his living arrangements, Higbee reported that his mobile home was in storage and that he was living in the wilderness. He listed his landlord as the U.S. Department of Agriculture and indicated that he paid no rent. Tr. 97–99.

Plaintiff was subsequently advised that his failure to maintain a "factual abode" in the United States or to submit proof thereof rendered him ineligible for SSI benefits; this determination was upheld on reconsideration. Tr. 69–74.

On November 24, 1986, an Administrative Law Judge (ALJ) considered the case *de novo*. Higbee refused to state his address at the hearing, first claiming that his statements as to his residence were in writing and then "taking the Fifth Amendment" with regard to any further discussion. Tr. 34. Plaintiff stated that his mobile home had an assessed value of $6,700 and that the only offer he had received had been substantially less. Tr. 50–51. Higbee also testified that he had applied for political asylum outside the United States.

The ALJ found that plaintiff was not eligible for SSI benefits because he had not established that he was a resident of the United States and, further, that he had resources in excess of the allowable limitation. Tr. 10. This decision became the final decision of the Secretary when it was upheld by the Appeals Council on May 13, 1987. Tr. 2.

## STANDARD OF REVIEW

Under section 205(g) of the Act, this court's proper inquiry on review is limited to determining whether proper legal standards were applied in the previous adjudication of plaintiff's claim and, if so, whether the findings of the Secretary are supported by substantial evidence. *Gamer v. Secretary of Health and Human Services*, 815 F.2d 1275, 1278 (9th Cir.1987); *Mar-*

*tinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gamer*, 815 F.2d at 1278, *citing Martinez*, 807 F.2d at 772, *quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

In adjudging the substantiality of evidence, a reviewing court must consider the record as a whole, "weighing both the evidence that supports and detracts from the Secretary's conclusions." *Gamer*, 815 F.2d at 1278; *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir.1986). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982).

To receive SSI benefits based on disability, a claimant must be "disabled," must meet residency requirements, and must not exceed the income and resource limitations of the law. *See* 42 U.S.C. §§ 1382a, 1382b, 1382c(a)(1)(B), 1382f; *Murray v. Bowen*, 786 F.2d 940 (9th Cir.1986) (resource limitations); *Califano v. Aznavorian*, 439 U.S. 170, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978) (residency requirements). The burden of proof rests upon the claimant to establish entitlement to benefits under the Act. *See* 20 C.F.R. § 416.200 (1987); *Hall v. Secretary of HEW*, 602 F.2d 1372 (9th Cir.1979).

## DISCUSSION

Higbee states that his statements regarding his residency in Mexico were false. He asserts the portions from the transcripts are misleading and taken out of context. Further, he contends that the documents indicating that his mobile home was for sale were submitted as evidence in a previous determination for the purposes of exempting his home as a resource.

Lastly, Higbee argues that the "substantial evidence" standard is not appropriate since "it is not within the jurisdiction of the Secretary to make determinations as to

whether his agents have violated the law in submitting false and misleading reports, concealing or destroying documents, or committing actions that are grounds for a complaint of fraud." Plaintiff's Opposition, p. 5.

#### A. *Residency*

The Social Security Act clearly requires that an eligible individual be "a resident of the United States." 42 U.S.C. § 1382c(a)(1)(B). Moreover,

> ... no individual shall be considered an eligible individual for purposes of this title for any month during all of which such individual is outside the United States. For purposes of the preceding sentence, after an individual has been outside the United States for any period of 30 consecutive days, he shall be treated as remaining outside the United States until he has been in the United States for a period of 30 consecutive days.

42 U.S.C. § 1382f.

■ Plaintiff's residency was a proper consideration before the Secretary and his failure to establish that he did maintain a residence in the United States constituted proper grounds for suspension of his SSI benefits. 42 U.S.C. § 1382f. In connection with a continuing eligibility review, Higbee reported living "across the border" and coming back to the United States one day a month. Tr. 59. Although plaintiff has denied being outside of California for any 30–day period, he has repeatedly refused to state where he lives. Tr. 63, 34–35, 69. Moreover, various documents submitted by plaintiff have not established that plaintiff resides in the United States as required in the Act. *See* Tr. 81, 83–87, 89, 97–99. It is plaintiff's burden to establish entitlement; thus the Secretary's decision is supported by substantial evidence.

#### B. *Excess Resources*

■ Pursuant to 42 U.S.C. § 1382(a)(1)(B), an individual is eligible for SSI benefits only if his countable resources do not exceed a value of $1,700. The Act does identify certain categories of excludable resources, including an individual's home, which are not counted toward the statutory resource ceiling. 42 U.S.C. § 1382b(a). "Home" as an excludable resource is narrowly defined as "any property in which an individual ... has an ownership interest and which serves as the individual's principal place of residence." 20 C.F.R. § 416.1212(a) (1987).

The government asserts, even assuming arguendo that plaintiff was living in the United States during the relevant period, he admits he was not living in his mobile home. Tr. 98. Further, they argue it is undeniable that he has an ownership interest in the mobile home and that the value of the home does constitute a countable resource. *Potter v. Bowen,* 652 F.Supp. 385 (D.Ore.1987).

This court finds the ALJ's determination that plaintiff had resources in excess of the allowable limit to also be supported by substantial evidence. It is not disputed that the value of plaintiff's mobile home exceeds the resource ceiling of $1,700. Higbee listed the home for sale with a real estate agency with an asking price of $8,500. Tr. 858. Additionally, plaintiff has stated the county assessment was $6,700. Tr. 50. Accordingly, both determinations made by the ALJ with regard to plaintiff's residency and excess resources are supported by substantial evidence.

### MOTION TO STRIKE

■ Lastly, the government has moved to strike portions of plaintiff's amended complaint. Plaintiff has amended his complaint with a series of confusing and unintelligible pleadings. It is within the court's discretion to strike such pleadings when an amendment is futile or legally insufficient to support the relief requested. *Schmidt v. Herrmann,* 614 F.2d 1221 (9th Cir.1980). The operative portion of Higbee's complaint is that which requests judicial review

pursuant to 42 U.S.C. § 405(g); thus, this court strikes those remaining portions.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth herein, the court hereby grants the defendant's motions for summary judgment and to strike portions of the plaintiff's amended complaint.