**C.M. HIGBEE, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D.,\* Secretary of Health and Human Services, Defendant–Appellee.**

**No. 89–55339.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 1991.

Decided June 7, 1991.

---

* Louis W. Sullivan is substituted for Otis R. Bowen, former Secretary of Health and Human Services, pursuant to Fed.R.App.P. 43(c)(1).

C.M. Higbee, pro se.

Stuart E. Schiffer, Asst. Atty. Gen.; Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BROWNING, D.W. NELSON and REINHARDT, Circuit Judges.

D.W. NELSON, Circuit Judge:

Appellant C.M. Higbee appeals pro se the district court's summary judgment dismissal of his action for reinstatement of Supplemental Security Income ("S.S.I.") benefits for which he had been declared ineligible by the Secretary of Health and Human Services ("Secretary"). The district court upheld the denial on the grounds that Hig-

bee failed to maintain a "factual abode" in the United States and had countable resources in excess of the allowable limit. Higbee allegedly stated, in a continuing eligibility review, that he was living in Mexico. He has subsequently denied such statements, has refused to state his place of residence, and has submitted documentation indicating California residency. Higbee has also indicated that his countable resources were sufficiently encumbered such that their value was not above the allowable limit. Because the district court misapplied relevant substantive law, because the denial of benefits was not based upon substantial evidence, and because the record indicates that the Administrative Law Judge did not adequately consider any encumbrance upon Higbee's excess resources, we reverse the decision below and remand to the district court with instructions to remand the case to the Secretary for reconsideration of the value of Higbee's excess resources.

### FACTUAL AND PROCEDURAL BACKGROUND

Social Security Administration ("S.S.A.") personnel have stated that C.M. Higbee, during a continuing eligibility review for disability benefits on July 22, 1986, informed them that he was residing in Mexico and traveled to the United States once every 30 days. They stated that Higbee believed this travel was "the only requirement to make it legal," while he disputed the S.S.A.'s right to know where he lived. S.S.A. personnel have also stated that on July 28, 1986, Higbee made similar assertions concerning his residency.

Higbee has denied he ever claimed to be a resident of Mexico. He submitted documents to the S.S.A. which indicated that his mobile home was listed for sale in the United States. Other documents indicated a street address in Pine Valley, California, and a post office box in Guatay, California. A temporary driver's license listed a street address in El Cajon, California, but Higbee has asserted that this is merely an "office" address in an industrial complex.

Higbee reported that his mobile home was in storage and that he was living in the wilderness. He listed his landlord as the United States Department of Agriculture and indicated that he paid no rent. S.S.A. personnel advised Higbee that his failure to maintain a "factual abode" in the United States, or to submit proof thereof, rendered him ineligible for S.S.I. benefits. This determination was upheld on reconsideration.

On November 24, 1986, the case was reviewed by an Administrative Law Judge ("A.L.J.") *de novo*. Higbee, acting without counsel, refused to state his address at the hearing, first claiming that his statements as to his residence were in writing and then "taking the Fifth Amendment" with regard to any further discussion of residence. Higbee did state that his mobile home had a value assessed by the county of $6,700 and that the only offer he had received had been for substantially less.

Higbee's actions may appear obstreperous to many. Presumably they relate to psychological difficulties experienced since early childhood. In a previous proceeding for continuing S.S.I. benefits, an A.L.J. acknowledged that Higbee had been awarded benefits by the S.S.A. since 1968 "due to schizophrenic reaction, chronic, undifferentiated." That A.L.J. also recognized that Higbee has been diagnosed as suffering from "anti-social personality disorder" and "schizophrenia, paranoid."

In the instant action the A.L.J. held that Higbee was not eligible for continuing S.S.I. benefits because he had not established that he was a resident of the United States. Further, the A.L.J. held that Higbee had resources in excess of the allowable limit. This decision became the final decision of the Secretary when it was upheld by the Appeals Council on May 13, 1987.

Higbee appealed this decision to the United States District Court for the Southern District of California. The district court granted summary judgment to the Secretary, reasoning that the Secretary's findings concerning residency and excess resources were supported by substantial evi-

dence. Higbee filed a timely appeal to this court pro se.

## DISCUSSION

### A. Standard of Review

■ This court reviews the grant of a motion for summary judgment *de novo*. *Vallejo General Hospital v. Bowen*, 851 F.2d 229, 230 (9th Cir.1988). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989). We may review only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings. *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir.1988); 42 U.S.C. § 405(g).

■ A reviewing court must affirm the Secretary's denial if his findings are supported by substantial evidence and he applied the proper legal standards. *Gamer v. Secretary of Health and Human Services*, 815 F.2d 1275, 1278 (9th Cir.1987); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). This court must consider the evidence as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir.1986).

This court also has "an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985); *see also Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

### B. Burden of Proof

■ The district court incorrectly stated that "[i]t is plaintiff's burden to establish entitlement." *Higbee v. Bowen*, 707 F.Supp. 434, 436 (S.D.Cal.1989). Indeed, initial S.S.I. claimants are required to establish an entitlement to benefits. 20 C.F.R. § 416.200. Higbee, however, was already a recipient of benefits and was up for review of his entitlement.

Current S.S.I. recipients hold a slightly different position from initial claimants. In *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982), this court held that an S.S.I. recipient was entitled to a presumption that his or her benefits would continue until the Secretary met a burden of coming forward with substantial evidence that the recipient's condition had changed. *Id.* at 586–87. The court stated, " 'Once evidence has been presented which supports a finding that a given condition exists, it is presumed in the absence of proof to the contrary that the condition has remained unchanged.' " *Id.* (quoting *Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir.1973)).

In 1984 Congress addressed this presumption as follows:

> (4) A recipient of benefits based on disability under this subchapter may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such a finding is supported by—
>
> > (D) substantial evidence ... which demonstrates that a prior determination was in error.

42 U.S.C. § 1382c(a). We have recognized that this act codified the *Patti* presumption. *Warren v. Bowen*, 804 F.2d 1120 (9th Cir.1986), *amended*, 817 F.2d 63 (9th Cir. 1987).[1]

---

1. There appears to have been slight confusion concerning the status of the *Patti* presumption at one point. In *W.C. v. Bowen*, 807 F.2d 1502 (9th Cir.), *amended on other grounds*, 819 F.2d

237 (9th Cir.1987), this court, as dicta, cited *Warren* for the proposition that § 1382c(a)(4) had overruled the *Patti* presumption. *W.C.*, 807 F.2d at 1506 n. 8 (citing *Warren*, 804 F.2d at

Therefore, under the presumption codified by § 1382c(a)(4), the reviewing court must determine whether the Secretary, when denying previously held benefits, has met a burden of coming forward with substantial evidence that the recipient is no longer entitled to benefits.

### C. Residency

The Social Security Act requires a recipient of S.S.I. benefits to be a resident of the United States. 42 U.S.C. § 1382c(a)(1)(B). In upholding the Secretary's denial of Higbee's benefits, the district court directed attention to 42 U.S.C. § 1382(f), which states in pertinent part:

> Notwithstanding any other provision of this subchapter, no individual shall be considered an eligible individual for purposes of this subchapter for any month during all of which such individual is outside the United States. ... For purposes of the preceding sentence, after an individual has been outside the United States for any period of 30 consecutive days, he shall be treated as remaining outside the United States until he has been in the United States for a period of 30 consecutive days.

The district court then stated, "It is plaintiff's burden to establish entitlement; thus the Secretary's decision is supported by substantial evidence." *Higbee*, 707 F.Supp. at 436.

This faulty syllogism highlights a misapplication of relevant substantive law. The A.L.J. found, "The evidence of record does not establish that the claimant is residing in the United States." The district court subsequently ruled that Higbee had provided insufficient evidence that he was living in the United States. The district court failed to provide Higbee the benefit of a presumption that, absent substantial evidence to the contrary, his United States residency status would continue for the purposes of S.S.I. benefits.

■ Furthermore, the only real evidence upon which the Secretary based his residency determination was Higbee's alleged statements that he was living in Mexico. Such alleged statements, subsequently denied and contradicted by other evidence, are hardly substantial evidence *a fortiori*. Therefore, we are compelled to reverse the decision below because the district court misapplied relevant substantive law by placing the burden upon the wrong party and because the Secretary's decision was not based upon substantial evidence.

### D. Excess Resources

■ The district court also held that Higbee's mobile home constituted countable resources in excess of the allowable limit, further justifying the Secretary's suspension of benefits. An individual is eligible for S.S.I. benefits only if his or her countable resources do not exceed a prescribed value, $1,700 in 1986. 42 U.S.C. § 1382(a)(1)(B). Some resources are excludable, including a "home" where it "serves as the individual's principal place of residence." 20 C.F.R. § 416.1212(a).

■ Higbee has stated that his mobile home, assessed by the county at $6,700, was in storage, and he has admitted that he was not living in it. Since it did not serve as his principal place of residence, Higbee's mobile home is a countable resource. *Potter v. Bowen*, 652 F.Supp. 385 (D.Or.1987). However, the A.L.J. inadequately considered the evidence concerning the value of the mobile home.

■ Where a claimant is not represented by counsel, "it is incumbent upon the A.L.J. 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir.1978) (quoting *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir.1972)). The A.L.J. "must be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'"

1121). However, this court's amendment to *Warren* acknowledged that § 1382c(a)(4) had actually *codified* the *Patti* presumption. 817 F.2d at 63. The *W.C.* court apparently did not

notice this amended language to *Warren*. Both *W.C.* and *Warren* refer to this section by its previous designation of § 1382c(a)(5); it was redesignated in 1988.

*Id.* (quoting *Rosa v. Weinberger,* 381 F.Supp. 377, 381 (E.D.N.Y.1974)); *see also Cruz v. Schweiker,* 645 F.2d 812, 813–14 (9th Cir.1981).

Higbee's pleadings before this panel are perplexing and appear unrelated; his statements before the tribunals below appear to have been similarly unclear. Higbee, acting without counsel, was likely unaware that he should clarify aspects relating to the value of his mobile home. Nevertheless, on at least one occasion in the proceedings below, Higbee asserted that the mobile home was sufficiently encumbered such that it was of no value.

An encumbrance upon the mobile home would bear directly upon the issue of Higbee's excess resources. This is a factual matter that must be determined by consideration of all the evidence, yet the A.L.J. did not address it. Whether Higbee was sufficiently clear concerning the encumbrance or not, the A.L.J. should have uncovered such a crucial fact. In further proceedings before the S.S.A., Higbee should be given an opportunity to explain any encumbrance upon his mobile home. Therefore, we must reverse the decision below and remand with instructions to remand to the Secretary for reconsideration of the value of Higbee's mobile home.

## *CONCLUSION*

We REVERSE the district court's grant of summary judgment and REMAND with instructions to remand to the Secretary for reconsideration of the value of Higbee's excess resources.