954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jozsef GYORE, Plaintiff-Appellant,
v.
KRAUSZ PRECISION MANUFACTURING CORPORATION, INC., Defendant-Appellee.
 No. 90-56198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.
Decided Feb. 11, 1992.
 
 Before WALLACE, Chief Judge, JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jozsef Gyore appeals pro se from the dismissal of his complaint with prejudice and from the imposition of discovery sanctions. We agree with the district court that the deficiencies in Gyore's complaint cannot be cured by amendment. Therefore dismissal with prejudice was proper. We also affirm the imposition of discovery sanctions. We reject Gyore's claim that the district judge was biased against him.
 
 DISCUSSION
 1. Dismissal with Prejudice
 
 3
 Gyore's complaint appears to allege that his former employer conspired with others to defraud him and in doing so violated federal antitrust laws and the Racketeer Influenced and Corrupt Organizations Act (RICO), and breached an oral contract in violation of state law. We are obligated to liberally construe pro se pleadings. Higbee v. Sullivan, 935 F.2d 1038, 1041 (9th Cir.1991). Even a liberal construction of Gyore's complaint does not produce viable federal causes of action. The complaint fails to allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b). See Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 196 (9th Cir.1987). Gyore's allegations of conspiracy are conclusory and therefore insufficient under Federal Rule of Civil Procedure 8(a)(2). See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir.), cert. denied, 474 U.S. 1021 (1985).
 
 
 4
 When a complaint is dismissed for failure to state a claim, leave to amend should be granted unless it can be determined that no possible amendment would cure the deficiency. Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). Our review of the complaint and the record in this case convinces us that the district court was correct that no amendment would produce a federal claim in this case. Therefore, dismissal without leave to amend was proper. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.1990), cert. denied, 112 S.Ct. 332 (1991); see also, Roth v. Garcia Marquez, 942 F.2d 617, 628-29 (9th Cir.1991) (leave to amend may be denied if it is inevitable that the amended claims would ultimately be defeated on summary judgment). Gyore's belated motion for summary judgment was properly denied as moot. The district court was not required to assert jurisdiction over Gyore's remaining state claim. See Danner v. Himmelfarb, 858 F.2d 515, 523 (9th Cir.1988), cert. denied, 490 U.S. 1067 (1989).
 
 2. Discovery Sanctions
 
 5
 We construe Gyore's brief on appeal to contest the court's imposition of a $500.00 discovery sanction. We note that the court indicated that it would reconsider if Gyore timely submitted a declaration of hardship. The record does not reflect Gyore's response, if any, so we will assume that the sanction was imposed.
 
 
 6
 The district court imposed sanctions for Gyore's abuse of the discovery process based on Gyore's request for admissions from the defendants. We have reviewed Gyore's request and we conclude that it was inappropriate and intended to harass the defendants. Federal Rule of Civil Procedure 26(g) clearly provides for sanctions in such circumstances, including sanctions imposed against pro se litigants. The court properly took into consideration Gyore's ability to pay the sanction by allowing him to submit a declaration of hardship in lieu of the sanction. Cf. Miller v. Los Angeles County Bd. of Education, 827 F.2d 617, 621 (9th Cir.1987) (district court must take into consideration pro se's ability to pay fee award). We affirm the sanction.
 
 3. Judicial Bias
 
 7
 Gyore suggests on appeal that the district judge was biased against him. The suggestion is meritless. There is no evidence in this record of extrajudicial bias or prejudice. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). A judge's adverse rulings are not sufficient to establish bias in the absence of specific allegations of personal bias or prejudice. Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984).
 
 
 8
 Gyore arguably raises several other arguments in his appellant's brief. It is unnecessary to discuss each separately because they are clearly meritless.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3