972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John D. O'SULLIVAN, II, Plaintiff-Appellant,
v.
Samuel LEWIS, Defendant-Appellee.
 No. 92-15227.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided July 31, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Dennies O'Sullivan, II, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. In his complaint, O'Sullivan alleged that the "totality of conditions of the [Arizona State Prison Complex at Tucson, Arizona] is completely unconstitutional." The court concluded that the complaint did not adequately identify the unconstitutional conditions at the prison and dismissed the complaint with leave to amend. We affirm.
 
 
 3
 In Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982), we reiterated that a penal institution must provide "adequate food, clothing, shelter, sanitation, medical care, and personal safety." We also noted the need for specificity in actions that challenge conditions of confinement: "To find an Eighth Amendment violation, courts must identify specific conditions that fail to meet Eighth Amendment requirements. We cannot rely on a vague conclusion that the 'totality of conditions' violates the Eighth Amendment." Id. at 1247.
 
 
 4
 The district court did not err. O'Sullivan alleged, for example, that the prison has not hired enough qualified medical personnel to attend to the inmates' needs. There is no allegation that the staff is unable to refer prisoners to physicians, inside or outside of the prison, who are able to provide proper treatment. See id. at 1253. The court therefore could not have determined whether the prison has provided "a system of ready access to adequate medical care." Id.
 
 
 5
 O'Sullivan further alleges that the number of prisoners in each cell "does not meet the acceptance of public opinion." In order to evaluate a claim of overcrowding, the district court must consider "how much time the prisoners spend in their cells each day," "whether any increased violence was out of proportion to the increase in population itself," and "what other constitutional deprivations were caused by overcrowding." Id. at 1249. The court could not have determined, based on this or O'Sullivan's other allegations, whether the conditions at the prison violated the Eighth Amendment.
 
 
 6
 We recognize that pro se pleadings must be construed liberally. See Higbee v. Sullivan, 935 F.2d 1038, 1041 (9th Cir.1991). O'Sullivan also correctly notes that a complaint should be dismissed "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir.1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted)). But, our inquiry is limited to the contents of the complaint. See id. In other words, the complaint must still allege pertinent facts with sufficient detail so that the court can determine whether the plaintiff might be entitled to relief. We have carefully reviewed the record. O'Sullivan's complaint did not satisfy this requirement. See generally Hoptowit, 682 F.2d at 1246-47.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3