110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl L. WIENKE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, of the Social Security
Administration, Defendant-Appellee.
 No. 95-16406.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 21, 1997.
 
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carl L. Wienke appeals from the district court's summary judgment affirming the denial of his application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 FACTS
 
 3
 Wienke received disability benefits from December 1972 until his benefits were terminated in October 1980. He did not appeal the termination of his disability benefits.
 
 
 4
 On November 15, 1990, Wienke filed the current disability application, claiming disability since November 1, 1980. Because his disability insured status expired on March 31, 1983, the relevant period at issue is November 1, 1980 through March 31, 1983.
 
 
 5
 The Social Security Administration (SSA) denied Wienke's application for benefits. Wienke then requested a hearing before an administrative law judge (ALJ). At a hearing on July 21, 1992, ALJ Brian B. Denton determined that Wienke's medical record was inadequately developed and that his testimony was confused because of the lack of prior medical records to refresh his recollection. Consequently, ALJ Denton terminated the hearing and agreed to hold a supplemental hearing once the record was augmented.
 
 
 6
 On August 10, 1992, Wienke submitted additional evidence. Without holding a supplemental hearing, ALJ Denton denied Wienke's application for benefits. Wienke sought review by the Appeals Council. The Appeals Council remanded the case to the ALJ so that the ALJ could consider medical reports prepared in August 1980. Although these reports were prepared outside the relevant period, the Appeals Council determined the ALJ should consider these reports because Wienke previously had been found disabled and the reports were prepared shortly before the start of the relevant period.
 
 
 7
 Upon remand, ALJ Denton considered the August 1980 medical reports and again denied Wienke's application. Wienke again sought review from the Appeals Council and the Appeals Council again remanded the case. The Appeals Council determined ALJ Denton had erred by not considering the combined effect of Wienke's impairments. Pursuant to the Agency's manual, the Hearings, Appeals, and Litigation Law manual (HALLEX), the Appeals Council directed that, upon remand, the case be reassigned to a different ALJ. HALLEX provides for reassignment when an ALJ presided over one remand and that ALJ's decision is the subject of the second remand.
 
 
 8
 Upon remand, the case was not assigned to a new ALJ and ALJ Denton again denied Wienke's application. ALJ Denton considered the combined effect of Wienke's impairments and determined his impairments were only slight and had only a minimal effect on his ability to perform work-related activities.
 
 
 9
 Wienke again sought review from the Appeals Council. The Appeals Council determined substantial evidence supported ALJ Denton's denial and denied review. The Appeals Council denied Wienke's request to reopen its decision.
 
 
 10
 Wienke then filed this action in district court. The district court granted the Commissioner's summary judgment motion. Wienke now appeals.
 
 DISCUSSION
 
 11
 Wienke argues certain procedural errors deprived him of his due process rights. Specifically, Wienke argues ALJ Denton improperly failed to hold a supplemental hearing, and ALJ Denton erroneously heard his claim for the third time, after the Appeals Council directed reassignment of the case to a different ALJ.
 
 
 12
 Wienke failed to timely raise these arguments before the Appeals Council. We, therefore, are precluded from reviewing the merits of these arguments. Avol v. Secretary of Health & Human Servs., 883 F.2d 659, 661 (9th Cir.1989); see also Marathon Oil Co. v. United States, 807 F.2d 759, 767 (9th Cir.1986) ("As a general rule, we will not consider issues not presented before an administrative proceeding at the appropriate time."). Although the SSA's form for appeals to the Appeals Council provides only three lines on which to specify appellate arguments, Wienke could have attached a separate sheet if additional space was required. To the extent Wienke raised the reassignment argument in his motion to reopen, we lack jurisdiction to consider the Commissioner's discretionary decision not to reopen the case. Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir.1985).[1]
 
 
 13
 Next, Wienke argues the ALJ failed to adequately develop the record because he did not consider the administrative record from Wienke's previous award of disability benefits. The ALJ carefully reviewed the medical reports examining Wienke's capacity during the relevant period of alleged disability. The Appeals Council determined substantial evidence supported the denial. Also, as directed by the Appeals Council, the ALJ considered medical reports prepared prior to the relevant period, the August 1980 medical reports. Wienke's condition from 1972 until October 1980 was not at issue, and Wienke failed to appeal the termination of his benefits in October 1980. The ALJ did not fail to develop an adequate record by failing to examine the documents from the prior proceedings. Cf. Crane v. Shalala, 76 F.3d 251, 255 (9th Cir.1996).
 
 
 14
 Wienke also argues the ALJ applied an erroneous legal standard in determining his disability. He argues he was entitled to a presumption that his disability from 1972 through 1980 continued after October 1980, unless the Commissioner presented evidence of medical improvement. For this argument, Wienke relies on Patti v. Schweiker, 669 F.2d 582 (9th Cir.1982).
 
 
 15
 Our holding in Patti does not support Wienke's argument. In Patti, we concluded a presumption of continuing disability applies when the Commissioner seeks to terminate disability benefits. Id. at 587; Iida v. Heckler, 705 F.2d 363, 365 (9th Cir.1983). Here, however, Wienke's disability benefits had terminated in October 1980. Wienke did not challenge or appeal that termination. In this action, the Commissioner did not seek to terminate existing benefits. Instead, Wienke filed a new application asserting disability. A presumption of continuing disability does not apply when the disability benefits have been terminated and the claimant fails to appeal or otherwise challenge that termination. See Warren v. Bowen, 804 F.2d 1120, 1121 (9th Cir.1986), amended by 817 F.2d 63 (9th Cir.1987); see also Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1379 (9th Cir.1984); Lytle v. Secretary of Health and Human Servs., 700 F.2d 566, 568 (9th Cir.1983); Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989).
 
 
 16
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 17
 I dissent. The majority does not, and cannot, dispute that Wienke was deprived of due process, not to mention his statutory rights, in at least two separate respects. First, Wienke never received a full and fair hearing, even though there is no question that he sought one. The ALJ terminated Wienke's hearing because he deemed it necessary to obtain further evidence, and he expressly conditioned his actions on the promise that he would hold a "supplemental hearing" once that evidence was obtained. Yet that same ALJ then proceeded to deny Wienke's application for disability benefits on three consecutive occasions without ever holding the promised "supplemental" hearing or affording the claimant an opportunity to complete his testimony. The ALJ's own words and actions are irrefutable proof that Wienke was never given a full and fair hearing.
 
 
 18
 Second, the ALJ acted lawlessly when he "heard" (without an actual hearing, of course) Wienke's case for a third time in direct violation of the Appeals Council's order directing that the case be heard by a different ALJ on remand, and in complete disregard of the applicable SSA rules that precluded him from again hearing a case remanded for a second time by the Appeals Council. The ALJ's failure to comply with the Appeals Council's order also constituted a flagrant violation of controlling federal regulations, which provide in relevant part:
 
 
 19
 (b) Action by administrative law judge on remand.--The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.
 
 
 20
 20 C.F.R. § 404.977(b) (1996) (emphasis added). For its part, the Appeals Council should not have permitted the ALJ to flout (1) the SSA rules that required assignment of Wienke's case to a different ALJ,[1] (2) its own order expressly directing that the ALJ not be the individual to decide the case,[2] and (3) the federal regulation that gave the Appeals Council's order the force of law.[3] The Appeals Council's response to these violations--namely, that Wienke had failed to "identify[ ] a specific area of bias" on the ALJ's part, and that there was therefore "no basis to disturb" the ALJ's decision--is a non sequitur that serves only to endorse direct defiance of its authority and willful disobedience of its orders. Even worse, it condones the flagrant violation of Wienke's due process rights. The Council's reliance on Wienke's failure to identify specific bias is transparently disingenuous, if for no other reason than that bias is presumptively established by the SSA rule disqualifying ALJs who have already had their determinations remanded twice in a particular case. We must assume that there is good reason for the agency's rule, or, at the least, that it is not arbitrary or capricious.
 
 
 21
 The majority does not dispute that the violations occurred, but concludes instead that Wienke waived his objections to them because, in making his third administrative appeal, he failed to list them on the form provided by the agency. I disagree. I do not believe that applicants for disability benefits waive legal issues that are clearly presented on the record when on their third administrative appeal they fail to identify those issues in the two or three cramped lines provided for that purpose on the agency's standard form--a form that does not even advise the applicant to raise all issues that constitute the basis for the appeal, and that, unlike most forms involving far less important rights, does not even advise claimants that they may include an attachment if more space is required.
 
 
 22
 Hearings under the Social Security Act are non-adversarial: at least in theory, the government is not supposed to struggle mightily against the payment of benefits to the medically disabled. Gold v. Secretary of Health, Education & Welfare, 463 F.2d 38, 43 (2d Cir.1972), cited in, e.g., Thompson v. Schweiker, 665 F.2d 936, 941 (9th Cir.1982). We have long required ALJs in Social Security cases "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," regardless of whether the applicant is represented by counsel. Thompson, 665 F.2d at 941; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983). An applicant's appeal deserves similar treatment. The Appeals Council should be required, at the least, to correct legal errors that are plain on the face of the record, including blatant violations of its own orders of which it could not possibly be unaware. Indeed, in this case, it is the Appeals Council that identified those errors in the first place--but then refused to correct them because Wienke failed to include them, along with his fundamental complaint that he was erroneously denied disability benefits, in the two- or three-line space on the appeals form.
 
 
 23
 Finally, contrary to the majority, I believe that the ALJ's explanation for disregarding the medical testimony regarding Wienke's dumping syndrome is contrary to both logic and Wienke's undisputed medical history. No final judgment can properly be made on the substantive issue, however, until Wienke has been afforded a full and fair hearing before an ALJ lawfully authorized to hear his claim.
 
 
 24
 I would reverse the denial of disability benefits and remand for further proceedings--namely, a complete hearing before an ALJ who has not already rejected the application three times, and who will properly consider all of the medically relevant evidence and obey any and all orders of the Appeals Council.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note there is no indication of bias and the Appeals Council determined substantial evidence supported ALJ Denton's denial of benefits
 
 
 [1]
 The HALLEX regulations that define the Social Security Administration's internal procedures provide in relevant part:
 Appeals Council remands [will be assigned] to the same ALJ who issued the decision or dismissal unless:
 a. the case was previously assigned to that ALJ on a prior remand from the Appeals Council and the ALJ's decision or dismissal after remand is the subject of the new Appeal Council remand, or
 b. the Appeals Council or the court directs that the case be assigned to a different ALJ.
 HALLEX § I-2-155 D.11.
 
 
 [2]
 "Under the authority of 20 CFR 404.977, the Appeals Council vacates the hearing decision and remands this case to an Administrative Law Judge for further proceedings, including a new decision. As this case was previously remanded to the same Administrative Law Judge, the Appeals Council directs that upon remand, this case be assigned to another Administrative Law Judge." CT 322 (emphasis added)
 
 
 [3]
 20 C.F.R. § 404.977, supra