Hector CRUZ, Plaintiff-Appellant,

v.

Richard SCHWEIKER, Secretary of Health and Human Resources, Defendant-Appellee.

No. 79–4134.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1980.

Decided May 18, 1981.

Tricia Margot Berke, Redwood City, Cal., for plaintiff-appellant.

Barbara J. Parker, San Francisco, Cal., for defendant-appellee.

Before MERRILL and SCHROEDER, Circuit Judges, and EAST *, District Judge.

SCHROEDER, Circuit Judge:

This appeal arises out of a claim for social security disability benefits. Appellant's claim was denied administratively, and on review in the district court, the government's motion for summary judgment was granted. He appeals from that decision.

When this claim was originally presented to the administrative law judge, the appellant was not represented by counsel. Following the denial of his claim, appellant obtained counsel and, after making a second application, was successful in receiving benefits as of December 1978. At issue here is his entitlement to a new hearing on his first

application to show entitlement to benefits prior to December 1978.

Appellant's claim is based upon alleged disability due to osteoarthritis. Dr. Pinto, who was treating him for that condition, stated in a short medical report dated October 1977, and which was included in the record before the administrative law judge, that he regarded appellant as totally disabled. That doctor did not testify, however. The two doctors whose reports comprise the bulk of the record had not treated the appellant for osteoarthritis and neither referred to his arthritic condition. One of those doctors examined him at the request of the government, and the other doctor was treating him for a hernia condition.

The record indicates that at the beginning of the hearing the appellant knew that he could have counsel but that counsel was not required. The record further reflects that the appellant had great difficulty with the English language, that an interpreter was required, and that the appellant had little if any understanding of the deficiencies in the evidence presented and of how counsel could have assisted him. During the course of the hearing, the administrative law judge expressed dissatisfaction with the evidence and advised appellant that he needed further information from his treating physician. At the suggestion of the administrative law judge, the appellant apparently contacted Dr. Pinto but obtained only cursory notes which did not indicate the basis for the doctor's finding of disability.

■ When a claimant is not represented by counsel, the administrative law judge has an important duty " 'to scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts,' and he must be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.' " *Vidal v. Harris,* 637 F.2d 710, at p. 713 (9th Cir. 1981); *see also Cox v. Califano,* 587 F.2d 988 (9th

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Cir. 1978). At the same time, the claimant must, if he seeks to set aside the administrative law judge's determination, demonstrate prejudice or unfairness in the proceedings. *Hall v. Secretary of Health, Education & Welfare*, 602 F.2d 1372 (9th Cir. 1979). In a very recent decision, this Court reversed and remanded an administrative law judge's decision because the claimant had not been represented by counsel and the administrative law judge had not conducted an adequate examination of a vocational expert. *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981).

In this case, the administrative law judge, consistent with his duties, could have explained to the appellant the avenues which he could pursue in obtaining counsel, or the administrative law judge could have probed for more facts regarding Dr. Pinto's diagnosis and explained the type of showing which the applicant had to make in order to prove his case successfully. The administrative law judge did neither, and as a result we must conclude that the record in the case was not fully and fairly developed. The prejudice to the appellant by lack of counsel is illustrated by the fact that after benefits were denied in this hearing, appellant did obtain counsel and was able to present a complete statement by Dr. Pinto which formed the basis for a decision that he was entitled to benefits as of the time of the second application. We conclude that we must reverse the judgment of the district court, and this matter must be remanded in order that, with the assistance of counsel, the appellant's claim for interim benefits may be reconsidered.

Reversed and remanded.