77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald MOLINA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-15778.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Feb. 12, 1996.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Molina appeals the district court's decision upholding the Secretary of the Department of Health and Human Services ("the Secretary") limiting his award of disability and supplemental security benefits to a period from May 22, 1989, to September 24, 1990. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * During the summer of 1989, Molina underwent several surgeries to correct his thromboembolism, a condition in which blood clots block blood vessels. While recovering from these surgeries, Molina could not work. He also suffered from alcoholism during this time.
 
 
 4
 In September 1989, Molina applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. and 1381 et seq. After a hearing,[1] the ALJ found Molina eligible for benefits but only from May 1989 through September 1990. Specifically, the ALJ found that Molina's physical problems had improved enough to allow him to work after September 1990; that his "mild alcohol use" would not prevent work; that Molina suffered no "nonexertional" disabilities; and that Molina could perform a full range of light work. Molina appealed and submitted a new medical report which opined that Molina's physical disabilities and alcoholism would prevent him from working. The Appeals Council declined review. The district court granted summary judgment in favor of the Secretary.
 
 II
 
 5
 This court reviews de novo a district court's order upholding the Secretary's denial of benefits. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). "[T]he decision of the Secretary to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 III
 
 6
 Challenging the Secretary's decision, Molina makes three arguments: 1) substantial evidence does not support the ALJ's finding that Molina's health had improved to the point he could work, 2) the ALJ did not adequately develop the record, and 3) the Appeals Council failed to consider and credit the new evidence submitted by Molina. All three arguments lack merit.
 
 
 7
 * Substantial evidence supports the ALJ's findings that Molina's physical disabilities and his alcoholism had improved to the point that Molina could return to work. See 42 U.S.C. §§ 423(f)(1) and 1382c(a)(4)(A) (benefits terminated upon recovery from disability); Bellamy v. Secretary of HHS, 755 F.2d 1380, 1381 (9th Cir.1985) (Secretary must produce evidence of recovery). Substantial evidence also supports the ALJ's finding that Molina suffered no psychological disabilities. Bellamy, 755 F.2d at 1381 (applicant must prove existence of disability).
 
 
 8
 During the summer of 1989, Molina and his mother both considered Molina an alcoholic, and several doctors observed and diagnosed his condition. Subsequent events indicate recovery: Molina told Dr. Schepps in the fall of 1989 and the winter of 1990 that he had quit drinking, Molina and his mother testified in September 1990 that he drank only two beers per day, and Molina repeated this testimony in November 1991. While an ALJ should not give undue weight to an alcoholic's testimony of recovery, Young v. Heckler, 803 F.2d 963, 966 (9th Cir.1986), both Molina and his mother, after admitting that Molina was an alcoholic at one time, testified that he had brought his drinking under control. Although some evidence suggests that Molina's alcoholism continued--Dr. Schepps resigned from Molina's care in May 1991 when Molina was too drunk to appear for surgery and diagnosed Molina as alcoholic in the fall of 1991--the ALJ's finding is supported by substantial evidence in the record viewed as a whole.
 
 
 9
 Despite some evidence to the contrary, substantial evidence also supports the ALJ's finding that Molina had recovered from his physical disabilities sufficiently to return to work. Following Molina's final surgery in September 1989, Dr. Goldstone reported that Molina's problems had been permanently solved. In October 1989 and January 1990, Dr. Schepps reported that Molina could walk without limping and that there were no complications from surgery. In June 1991, Dr. Mallik reported that but for two hernias, Molina was healthy. In September 1991, Dr. Budhram reported that Molina could stand and walk without impairment.[2]
 
 
 10
 Finally, substantial evidence supports the ALJ's finding that Molina suffers no psychological disabilities. The burden is Molina's to show such disability since that had not been the basis for finding him disabled in 1989. Molina's evidence was that he had once visited a psychiatrist to discuss his drinking, that he planned to attend group therapy for people who undergo major surgery, that Dr. Schepps described him as "extremely anxious," and that Dr. Budhram noted that he suffered "stress" and "depression." Simply put, without more, Molina has not advanced substantial evidence of psychological disability.
 
 B
 
 11
 Molina argues that the ALJ should have asked additional questions and ordered a psychiatric examination. We disagree.
 
 
 12
 In disability benefits proceedings, the ALJ has the duty to "develop the record." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991). When the claimant appears before the ALJ pro se, as Molina did, the ALJ must be "especially diligent" to make sure the relevant facts are presented. Cruz v. Schweiker, 645 F.2d 812, 813 (9th Cir.1981). However, the claimant must "demonstrate prejudice or unfairness" to set aside an ALJ's decision for failure to develop the record. Id. at 814. An ALJ who makes "no effort to, and gave [the claimant] no opportunity to, elaborate" upon material facts fails to adequately develop the record. Cox v. Califano, 587 F.2d 988, 991 (9th Cir.1978).
 
 
 13
 The ALJ asked Molina several questions regarding his alcohol use: whether he had been drinking in the prior two years, whether his consumption of two beers per day was a problem, whether it would keep him from working, whether he had control of his drinking, and whether he had relapsed into heavier drinking. With these questions, the ALJ adequately developed the record regarding Molina's alcohol use. Molina argues that the ALJ could have asked additional questions, e.g. whether drinking inhibited Molina's ability to represent himself before the ALJ or to take care of his health. However, the failure to ask every possible question does not undermine an otherwise valid collection of information.
 
 
 14
 It is unlikely that any additional evidence with respect to pain was available. The doctors said he was recovered. He did not take pain medicine. He was reasonably active. The only other source of information was Molina who testified fully.
 
 
 15
 Finally, the ALJ had no duty to order a psychological evaluation of Molina in light of the paucity of evidence that Molina suffered any psychological disability. An ALJ must do so only if, in light of the information already before the ALJ, "additional information [is] needed...." 20 C.F.R. § 404.1519a(1)(1).
 
 C
 
 16
 Molina argues that the Appeals Council erred by disregarding Dr. Budhram's report of August 17, 1992, which followed the ALJ's decision but preceded the Appeals Council's denial of review. Dr. Budhram, Molina's treating physician, opined that Molina suffered from alcoholism, anxiety/panic disorder, abdominal hernia, and degenerative joint disease, and that these conditions prevented Molina from working. However, because Dr. Budhram's clinical medical records did not support and in some ways contradicted his opinion, the Appeals Council did not improperly disregard it.
 
 
 17
 The Appeals Council shall review an ALJ's decision if an appellant submits "new and material evidence" and the decision is contrary to the weight of evidence on the record. 20 C.F.R. §§ 404.970 and 416.1470. Not all new evidence triggers review by the Appeals Council. See, e.g., Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990) (Appeals Council properly denied review where new evidence was "not consistent" with record). Moreover, the Appeals Council need not accept a medical opinion that is "brief and conclusionary" and unsupported by clinical findings. Magallanes, 881 F.2d at 751.
 
 IV
 
 18
 Substantial evidence in the record as a whole supports the ALJ's finding that Molina can return to work; the ALJ adequately developed the record; and the Appeals Council did not improperly disregard Dr. Budhram's report.
 
 
 19
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This was Molina's second hearing. After the first hearing, the Appeals Council remanded Molina's claim for a new hearing because the tape of the hearing had been lost
 
 
 [2]
 Molina testified in November 1991 that he had severe problems walking, standing, sitting, and lifting, and that he regularly needed to elevate his leg to relieve pain. However, the ALJ found these complaints "only partially credible" because medical reports stated he was recovered, he no longer took pain medication, and he regularly engaged in social activities and did light work. See Varney v. Secretary of HHS, 859 F.2d 1396, 1398 (9th Cir.1988) ("specific reasons" must support a credibility finding)