**Ann J. HORTON, Plaintiff–Appellant,**

v.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the

**344**

Jo Anne BARNHART,* Commission-
er of the Social Security Adminis-
tration, Defendant–Appellee.

No. 01–56254.

D.C. No. CV–98–07430–WNB (RNB).

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002**.

Decided April 17, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM***

Ann Horton appeals the district court's
summary judgment affirming the Adminis-
trative Law Judge's ("ALJ") denial of so-
cial security disability insurance benefits.
We have jurisdiction pursuant to 28 U.S.C.
§ 1291. We review de novo the district
court's summary judgment and uphold the
ALJ's decision if it is supported by sub-
stantial evidence and free of legal error.
*Tidwell v. Apfel,* 161 F.3d 599, 601 (9th
Cir.1998). We affirm.

The ALJ fully and fairly developed the
record because the ALJ provided Horton
with an opportunity to be meaningfully
heard. *See Boettcher v. Sec'y of Health
and Human Servs.,* 759 F.2d 719, 723 (9th
Cir.1985). Furthermore, the ALJ allowed
Horton the opportunity to furnish addi-

tional evidence to support her claims and
Horton declined this opportunity. Conse-
quently, Horton cannot show that the
ALJ's failure to probe specific points at
the hearing resulted in unfairness or prej-
udice. *Cf. Cruz v. Schweiker,* 645 F.2d
812, 814 (9th Cir.1981).

Substantial evidence supports the ALJ's
finding that Horton is capable of perform-
ing her past relevant work as it is general-
ly performed in the United States econo-
my. *See Pinto v. Massanari,* 249 F.3d
840, 845–46 (9th Cir.2001).

The ALJ properly rejected Horton's
treating physician's opinion that Horton
was disabled because the treating physi-
cian's disability opinion was inconsistent
with other findings in his own reports and
with the opinions of several examining
physicians. *See Morgan v. Comm'r of
SSA,* 169 F.3d 595, 602 (9th Cir.1999).
The ALJ properly supported his rejection
of the treating physician's opinion by pro-
viding "specific, legitimate reasons ...
that [were] based on substantial evidence
in the record." *See Smolen v. Chater,* 80
F.3d 1273, 1285 (9th Cir.1996) (internal
quotations omitted).

Horton waived the contention that the
ALJ erred by not treating Horton's back
and right leg pains as nonexertional im-
pairments requiring the testimony of a
vocational expert because she did not raise
it before the district court. *See Edlund v.
Massanari,* 253 F.3d 1152, 1158 & n. 7 (9th
Cir.2001).

The ALJ properly supported his adverse
credibility finding with clear and convinc-
ing reasons. *See Morgan v. Comm'r of*

courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

* Jo Anne Barnhart is substituted for her prede-
cessor as Commissioner of the Social Security
Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

*Soc. Sec. Admin.*, 169 F.3d 595, 599–600 (9th Cir.1999).

Horton is not entitled to remand or to consideration of any new evidence because she did not show good cause for her failure to incorporate such evidence into the record earlier. *See* 42 U.S.C. § 405(g); *Allen v. Sec'y of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir.1984).

Horton's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.