Sheri L. SHEFFER, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commission-
er, Social Security Administra-
tion, Defendant—Appellee.

No. 01–35398.

D.C. No. CV–99–06272–MA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 21, 2002.

Before GOODWIN and W. FLETCHER, Circuit Judges and T.G. NELSON, Senior Circuit Judge.

### MEMORANDUM *

We affirm the judgment of the district court.

I. The Administrative Law Judge ("ALJ") Did Not Improperly Reject Any Medical Opinions

■ Treating doctors other than Drs. Swank and Steffen concluded that Sheffer had neither multiple sclerosis nor any other disabling physical impairment. Because the ALJ was entitled to resolve this evidentiary conflict between conflicting opinions of equal weight, he did not need to provide specific and legitimate reasons for rejecting the Swank and Steffen opinions.[1] Even if the specific and legitimate reasons standard applied, the ALJ's reasons for rejecting the Swank and Steffen opinions—such as the fact that their conclusions were based primarily on Sheffer's less-than-credible subjective complaints, and contradicted by a considerable amount of objective medical evidence—would have been specific and legitimate.

The ALJ did not reject any of Dr. Greenough's opinions. The ALJ expressly accepted Dr. Greenough's "major depression" opinion and incorporated it into his analysis. The other statements to which Sheffer points are not opinions. They merely point out something this circuit's law has long recognized: that a person can be rendered disabled from the combined effect of physical and mental impairments that are not individually disabling.[2] In addition, the ALJ recognized and complied with his obligation to consider the combination of Sheffer's mental and physical impairments. Indeed, the ALJ's decision and the record demonstrate that it was almost impossible to analyze Sheffer's physical and mental impairments in isolation.

II. The ALJ's Failure to Request Medical Source Statements Was Not Reversible Error

■ We need not determine whether the ALJ was required to request medical source statements from Sheffer's doctors because even if he was, his failure to do so would not have been reversible error. A number of the doctors—including Drs. Swank and Steffen—stated opinions regarding what work, if any, Sheffer could still perform. Medical source statements provide the same information.[3] Thus, the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir.2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."); *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir.1999) (requiring specific and legitimate reasons only when the conflicting opinion of a non-treating physician is not based on independent clinical findings);

*Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995) (same).

2. *See Lester v. Chater,* 81 F.3d 821, 828 (9th Cir.1995) ("We agree that the Commissioner is required to take into account the combined effect of a claimant's physical and mental impairments in determining whether his condition equals [a listed impairment]").

3. *See* Social Security Ruling 96–5p, 1996 WL 374183, at *4 (July 2, 1996) ("Medical source statements are medical opinions submitted by acceptable medical sources, including treat-

ALJ's failure to request medical source statements did not result in any prejudice or unfairness.[4]

AFFIRMED.

ing sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical or mental abilities to perform work-related activities on a sustained basis") (footnote omitted).

4. *See Cruz v. Schweiker,* 645 F.2d 812, 814 (9th Cir.1981) (holding that a claimant must "demonstrate prejudice or unfairness in the proceedings" to warrant reversal for an ALJ's failure to develop the record).