Neil BROOKS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 02–56126.

D.C. No. CV–01–00943–IEG/LAB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided June 2, 2003.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

## MEMORANDUM **

Neil Brooks appeals from the district court's grant of summary judgment in favor of the Commissioner of Social Security, affirming the Commissioner's final decision to deny Brooks' application for disability benefits under Title II of the Social Security Act. We affirm.

### I.

Brooks argues that the administrative law judge (ALJ) failed to fully and fairly develop the administrative record because he issued a decision before holding a supplemental hearing. "In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001).

Although the ALJ suggested that a supplemental hearing would be prudent so that he could hear from Brooks' treating physicians, he made his decision without holding that hearing or otherwise notifying Brooks that the record was closed. While the record does not tell us why he changed his mind, it certainly would have been the better practice to have given the parties notice of the change in direction, and the reasons for it, before proceeding to a final decision. Nevertheless, that the ALJ failed to hold a supplemental hearing after suggesting that one might be helpful does not in itself provide a basis to set aside the denial of benefits. The denial of benefits can be set aside only if "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record." *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). There is substantial evidence in the record, in the form of treating physicians' notes, reports, and letters, to support the ALJ's findings.

Therefore, the ALJ did not have to inquire further before issuing his decision. Brooks had "the opportunity to be heard at a meaningful time and in a meaningful manner," *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), when he appeared and testified at the original hearing.

Nor has Brooks demonstrated that the failure to hold a supplemental hearing was prejudicial. He has not shown what evidence would have been introduced at a supplemental hearing or how any such evidence would have differed from what was already in the record. *Cruz v. Schweiker,* 645 F.2d 812, 814 (9th Cir.1981) (holding that a claimant must demonstrate prejudice to warrant reversal for an ALJ's failure to develop the record).

### II.

Brooks further contends that the ALJ improperly discredited the opinion of some of his treating physicians. Although the opinion of a treating physician is entitled to greater weight than that of a non-treating physician, "the treating physician's opinion is not ... necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). Here, the treating physicians disagreed on whether intermittent periods of impairment would preclude Brooks from sustaining employment. Thus, the ALJ could reject the opinion of a treating physician as long as he set forth "specific, legitimate reasons for doing so that [were] based on substantial evidence in the record." *Smolen,* 80 F.3d at 1285.

The ALJ articulated seven reasons for rejecting the opinion of some of Brooks' treating physicians. Because the ALJ's reasons were specific, legitimate, and supported by the record, he did not err.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## III.

Finally, Brooks argues that the ALJ erred by rejecting his subjective symptom testimony. In order to discredit a claimant's allegations of disabling pain, an ALJ must articulate clear and convincing reasons, supported by the record, for doing so. *Smolen,* 80 F.3d at 1283–84. Here, the ALJ determined that Brooks' testimony about the severity of his symptoms was not credible and articulated nine reasons for rejecting it. Because the ALJ's negative credibility assessment is supported by substantial evidence, there is no error. We therefore affirm the order of the district court granting summary judgment in favor of the Commissioner.

AFFIRMED.