**C.M. HIGBEE, Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, M.D.,\* Secretary of Health and Human Services, Defendant–Appellee.**

**No. 89–55339.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 1991.\*\*

Opinion Filed June 7, 1991.

Opinion Withdrawn Sept. 17, 1992.

Filed Sept. 17, 1992.

Suggestion for Rehearing En Banc Rejected Sept. 17, 1992.

---

\* Louis W. Sullivan is substituted for Otis R. Bowen, former Secretary of Health and Human Services, pursuant to Fed.R.App.P. 43(c)(1).

\*\* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

C.M. Higbee, in pro per.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BROWNING, D.W. NELSON and REINHARDT, Circuit Judges.

## ORDER

Defendant–Appellee's petition for rehearing is GRANTED.

The Opinion filed June 7, 1991, and reported at 935 F.2d 1038, is hereby withdrawn and the attached revised Opinion filed in its place.

The panel has voted unanimously to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The suggestion for rehearing en banc is REJECTED.

## OPINION

### PER CURIAM:

Appellant C.M. Higbee appeals pro se the district court's summary judgment dismissal of his action for reinstatement of Supplemental Security Income ("S.S.I.") benefits for which he had been declared ineligible by the Secretary of Health and Human Services ("Secretary"). The district court upheld the denial on the grounds that Higbee failed to maintain a "factual abode" in the United States and had countable resources in excess of the allowable limit.

## FACTUAL AND PROCEDURAL BACKGROUND

Social Security Administration ("S.S.A.") personnel stated that C.M. Higbee, during a continuing eligibility review for disability benefits on July 22, 1986, informed them he resided in Mexico and traveled to the United States once every 30 days. They stated Higbee believed this travel was "the only requirement to make it legal," although he disputed the S.S.A.'s right to know where he lived. S.S.A. personnel also stated Higbee made similar assertions on July 28, 1986 concerning his residency.

Higbee subsequently denied he ever claimed to be a resident of Mexico. He submitted documents to the S.S.A. which indicated his mobile home was listed for sale in the United States. Other documents indicated a street address in Pine Valley, California, and a post office box in Guatay, California. A temporary driver's license listed a street address in El Cajon, California, but Higbee asserted this is merely an "office" address in an industrial complex.

Higbee also reported his mobile home was in storage and he was living in the wilderness. He listed his landlord as the United States Department of Agriculture and indicated he paid no rent. S.S.A. personnel advised Higbee his failure to maintain a "factual abode" in the United States, or to submit proof thereof, rendered him ineligible for S.S.I. benefits. This determination was upheld on reconsideration.

On November 24, 1986, the case was reviewed by an Administrative Law Judge ("A.L.J.") *de novo*. Higbee, appearing without counsel, refused to state his address, first claiming his statements as to his residence were in writing and then "taking the Fifth Amendment" with regard to any further discussion of residence. He testified he had applied for political asylum outside the United States. He also stated his mobile home had a value assessed by the county of $6,700 and the only offer he had received had been for substantially less.

The A.L.J. held Higbee was not eligible for continuing S.S.I. benefits because (1) he had not established he was a resident of the United States, and (2) he had resources in excess of the allowable limit because of the value of the mobile home. This became the final decision of the Secretary when it

was upheld by the Appeals Council on May 13, 1987.

Higbee sought review of this decision in the United States District Court for the Southern District of California. The district court granted summary judgment to the Secretary, reasoning the Secretary's findings concerning residency and excess resources were supported by substantial evidence. 707 F.Supp. 434. Higbee filed a timely appeal to this court pro se.

## DISCUSSION

■ The claimant is a mentally ill person whose disability benefits were cut off because he refused to provide information verifying his continued residence in the United States. The Social Security Act requires a recipient of S.S.I. benefits to be a resident of the United States. 42 U.S.C. § 1382c(a)(1)(B). Recipients are responsible for providing documentation and other evidence to establish that they fulfill residency and other eligibility requirements. *See* 20 C.F.R. 416.200; *see also* 20 C.F.R. § 416.708(a) (stating that S.S.I. recipients must keep the S.S.A. apprised of their current residence and mailing addresses); 20 C.F.R. § 416.1600–1618 (describing residency requirement and documents that may be used to show United States residence).

When asked to establish his continuing eligibility as part of a routine review, Higbee, who had been receiving benefits for a number of years, initially informed S.S.A. personnel that he resided in Mexico, then denied this statement, then refused to state his place of residence. He would not answer the A.L.J.'s questions as to where he lived. Nor did Higbee present documents showing where he resided. The most recent documents, such as the 1986 temporary driver's license, reflect only a post office box in Guatay, California as an address. The driver's license lists a street address in El Cajon as an "other address," but Higbee stated this was an office in an industrial park, not a residence. In sum, although given the opportunity to do so, Higbee failed to provide the Secretary with evidence that he resided in the United States. Ordinarily, we might affirm the

Secretary's decision to declare Higbee ineligible for benefits on this ground.

The difficulty in this case is that (1) Higbee's failure to cooperate appears to be due to the very factor that rendered him eligible for SSI benefits in the first place, his serious mental illness, and (2) the record does not provide a basis for deciding whether Higbee is still substantively eligible for benefits.

Higbee has been diagnosed as a paranoid schizophrenic: his informal brief in this court alleges, among other things, that the S.S.A. and the police routinely fabricate evidence against him; that the police drug him in order to prevent him from reporting their illegal acts; and that the "Fascist Government of the United States" (with the help of "Fascist Pigs," the "Fascist Bar Association," the "Fascist Court," and "their lackeys and toadies and others") has tortured him on twenty separate occasions. He has been hospitalized in at least six different psychiatric institutions. He is apparently homeless.

■ Higbee was not represented by counsel at the administrative hearing. We have long recognized that the ALJ is not a mere umpire at such a proceeding, but has an independent duty to fully develop the record, especially where the claimant is not represented:

> where the claimant is not represented, it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.

*Cox v. Califano,* 587 F.2d 988, 991 (9th Cir.1978) (citations and internal quotation marks omitted); *see also Heckler v. Campbell,* 461 U.S. 458, 470–73, 103 S.Ct. 1952, 1959–60, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring). When "the heavy burden imposed by *Cox*" is not met, and the claimant may have been prejudiced, "the interests of justice demand that the case be remanded." *Vidal v. Harris,* 637 F.2d 710, 714–15 (9th Cir.1981); *see also Thompson v. Schweik-*

*er*, 665 F.2d 936, 941 (9th Cir.1982) (remanding for further hearings); *Cruz v. Schweiker*, 645 F.2d 812, 814 (9th Cir.1981) (same); *Cox*, 587 F.2d at 991 (same). An adequate hearing record is indispensable because a reviewing court may consider only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings. *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir.1988); 42 U.S.C. § 405(g). The duty to provide an adequate record is of extraordinary importance when a person once found eligible for S.S.I. benefits may be in danger of losing them because he is too ill to act in his own best interests. *See DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir.1991) ("In cases of mental impairments, this duty is especially important."); *see also Thompson v. Sullivan*, 933 F.2d 581, 586 (7th Cir.1991) ("When a claimant is both unrepresented *and* suffers from a mental impairment ... the ALJ's duty to carefully develop the record is even greater.") (citation omitted, emphasis and omission in original); *Vidal*, 637 F.2d at 714–15 (remanding case where unrepresented, mentally disabled claimant was "totally incapable" of challenging the conclusions of the vocational expert).

▮ Higbee was not a mere applicant for benefits. He had already been found by the S.S.A. to meet all the eligibility requirements. As an S.S.I. recipient, he had a property interest in the continued receipt of such benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). From the present record, all that can be said with any assurance about Higbee's residence is that at one time (when he was found eligible for benefits) Higbee was a U.S. resident and at the time of the administrative hearing it was not clear where he resided, though he apparently was picking up his S.S.I. checks at a U.S. location. Although the record does not show Higbee resided in the United

States, neither does it show he resided anywhere else.[1]

▮ Under such circumstances, we cannot affirm the denial of benefits as based on substantial evidence that Higbee is no longer a U.S. resident. *See Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986) (Secretary's decision must be based on substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). As in *Vidal*, the lack of evidence, coupled with the claimant's mental illness, "casts a cloud of doubt," 637 F.2d at 715, on whether the Secretary's decision was correct.

Further, it would be contrary to the purpose of the S.S.I. program to affirm the Secretary's decision as based on Higbee's failure to cooperate, when the record suggests the failure may be due to the very mental illness that rendered Higbee eligible for benefits. Prior to taking such a drastic step, we believe it was incumbent on the A.L.J. to continue the administrative hearing so S.S.A. personnel could investigate whether there were any other ways to determine where Higbee resided. "The administrative law judge may stop the hearing temporarily and continue it at a later date if he or she believes that there is material evidence missing at the hearing." 20 C.F.R. § 416.1444. Perhaps a friend, relative or social services provider could provide the missing evidence as to where Higbee lived; perhaps Higbee might be convinced to consult someone he trusted before the new hearing; perhaps Higbee would simply be more cooperative, as many mentally ill persons behave erratically; perhaps Higbee might be convinced to obtain legal representation or a legal representative might be asked to participate as an amicus. The burden on the S.S.A. of continuing the hearing is minimal compared to the dire consequences that might befall a mentally ill, apparently homeless, S.S.I. recipient if his source of support

---

1. We note that failure to maintain a fixed residence is not grounds for the denial of benefits. The Secretary is specifically mandated to provide a method of making S.S.I. payments to those individuals who have no "fixed home or mailing address." *See* 42 U.S.C. § 1383(e)(3). Accordingly, individuals who allegedly "live in the wilderness" may be entitled to S.S.I. benefits if they live in the wilderness within the United States.

were cut off erroneously. A person unable to meet the minimal burden of providing information to establish his continuing eligibility is unlikely to be able to meet the much higher procedural barrier to applying for benefits anew.

■ Our discussion of the inadequacy of the record as to where Higbee resided applies equally to the question of whether he had resources in excess of the allowable limit. An individual is eligible for S.S.I. benefits only if his or her countable resources do not exceed a prescribed value, $1,700 in 1986. 42 U.S.C. §§ 1382(a)(1)(B) & (a)(3)(B). Higbee stated he owned a mobile home, assessed by the county at $6,700, and that it was in storage. However, on at least one occasion in the proceedings below, Higbee asserted the mobile home was so encumbered that it had no value. Higbee also indicated that he had listed the home for sale for $8,500, that the highest offer made for the home was $1,000, and that he would accept $1,500 for it. The A.L.J. failed to address the issue of the encumbrance on the mobile home, even though this would bear directly on its value. The present record is inadequate to provide substantial evidence as to how much the mobile home was worth.[2] Again we cannot affirm the denial of benefits due to the claimant's failure to establish his continuing eligibility, when the record suggests he may well have been eligible, yet unable to protect his interests at the hearing due to a serious mental illness.

## CONCLUSION

Because the record provides an inadequate basis for affirming the termination of benefits, we reverse the district court's summary judgment for the Secretary and direct that the benefits be reinstated as of the date of termination. We further remand the matter to the district court with directions to remand to the Secretary so the ALJ may conduct a further hearing and

take such other action, including appointment of a legal representative, as may be consistent with this opinion.

REVERSED and REMANDED with instructions.

---

2. We do not decide whether the mobile home was excluded from the $1,700 limit by 20 C.F.R. § 416.1212(a), which excludes the value of an individual's "principal place of residence." Even if Higbee choose to sleep "in the wilder-

ness" rather than in the mobile home, it might be argued that the mobile home still was excludible as Higbee's principal place of residence, since he apparently had no other.