103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis BANUELOS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 95-55787.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.**
Decided Nov. 22, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Luis Banuelos appeals the district court's grant of summary judgment in favor of the Commissioner of Social Security. The district court upheld the Commissioner's decision that Banuelos was not disabled and thus not entitled to social security disability or supplemental security income benefits. We affirm.
 
 
 4
 Banuelos claims that he has been unable to work since July 15, 1988 because of several gunshot wounds he received in November of 1988. Banuelos had several hearings before an Administrative Law Judge (ALJ). In his decisions, the ALJ found that Banuelos' complaints of pain were not credible and determined that he was not disabled. On appeal, Banuelos claims that the ALJ's decision should be reversed because the ALJ failed to develop the record regarding Banuelos' ephemeral status as a worn-out worker and did not consider all medical evidence favoring Banuelos. We reject both arguments.
 
 
 5
 We review a district court's decision upholding the Commissioner's denial of benefits de novo. Flaten v. Secretary of Health and Human Servs., 44 F.3d 1453, 1457 (9th Cir.1995); see also Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The scope of review, however, is limited. Flaten, 44 F.3d at 1457; Magallanes, 881 F.2d at 750. "The [Commissioner's] denial of disability benefits will be overturned only if it is not supported by substantial evidence, or if it is based on legal error." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony." Magallanes, 881 F.2d at 750.
 
 
 6
 Banuelos argues that the ALJ prejudiced him by failing to consider his eligibility as a worn-out worker. Under the social security regulations workers are worn-out if they have done "arduous unskilled physical labor" for 35 years or more, have a marginal education, and are no longer able to do arduous unskilled work. 20 C.F.R. § 404.1562. Under § 404.1562, such a worker is automatically considered "unable to do lighter work, and therefore, disabled." With no attempt to give particularized statements of either fact or law, Banuelos contends that he probably would have been found disabled under this section had the ALJ, completely without help from Banuelos' counsel, decided independently to examine the factors which could lead to section 404.1562 eligibility. Banuelos admits that he did not raise this issue in any way at either hearing, and never moved to supplement the record with worn-out worker evidence after the two hearings. Moreover, the record does not show that his work in the recent past was essentially arduous and unskilled. However, he contends that the facts of this case required the ALJ to inquire sua sponte about worn-out worker status.
 
 
 7
 While it is true that a social security disability hearing is not adversarial, that does not remove the burden of proof of disability from a claimant. We have held that, in part because disability hearings are not adversarial, the ALJ "has a duty to develop the record ... even when the claimant is represented by counsel." See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991); see also Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir.1992). But, we have never said that the ALJ must be telepathic or resort to divination. Banuelos waived his worn-out worker argument by not even alluding to it at or before the hearings.
 
 
 8
 Banuelos next argues that the ALJ erred when he did not refer to the report of one examining doctor, Dr. Borud. This is the only challenge he makes to the evidentiary support for the ALJ's decision, and we reject it. It is true that the ALJ's decision does not specifically refer to Dr. Borud by name, but the doctor's conclusions that Banuelos did not need a cane to walk and had largely normal physical ability were consistent with the other doctors' conclusions, and the ALJ referenced generic "medical testimony" supporting those conclusions. Thus, we have no reason to assume that the ALJ, who filed a well reasoned decision, failed to consider Dr. Borud's only somewhat contrary report. At any rate, with or without Dr. Borud's report, the ALJ's decision was well supported by substantial medical and other evidence. See DeLorme, 924 F.2d at 846. Thus, any failure to focus on the report did not prejudice Banuelos. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. In accordance with § 106(d), Shirley S. Chater, the Commissioner of Social Security is substituted for Donna E. Shalala, the Secretary of Health and Human Services as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 ***
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3