110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Halanna M. MOLINA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,* Defendant-Appellee.
 No. 96-15091.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1997.*
Decided March 25, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-04375-CAL; Charles A. Legge, District Judge, Presiding.
 N.D.Cal.,
 REVERSED.
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges
 MEMORANDUM***
 Halanna M. Molina appeals the district court's summary judgment affirmance of the Commissioner of Social Security's denial of her application for disability benefits and supplemental security income benefits under Title II and XVI of the Social Security Act, 42 U.S.C. § 410 et seq. We reverse.
 A. Failure to sufficiently develop the evidence
 The Administrative Law Judge failed to sufficiently develop the evidence of Molina's depression before he rendered a decision. An ALJ has a "special duty to fully and fairly develop the record." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996) (citation omitted). When a claimant is not represented by counsel, " 'it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' " Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir.1992). " 'When the claimant is unrepresented and suffers from a mental impairment ... the ALJ's duty to carefully develop the record is even greater.' " Id. at 562 (citation omitted); see DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991).
 Molina testified to having psychological problems and disclosed that she was under the treatment of a psychiatrist. However, the ALJ did not request a report from the treating psychiatrist. It is clear that a state agency had completed a psychiatric evaluation. The results were recorded on a Psychiatric Review Technique Form (PRTF) which was in the record. However, it appears that the ALJ did not review the PRTF. He said at the hearing that there was no assessment, and subsequently made several findings that were contrary to Molina's own testimony and the PRTF.
 The ALJ did not specifically refer to any evidence in the record regarding her mental impairments. He commented that it did not appear that the state agency had made an attempt to assess any mental limitations. Moreover, he described Molina's impairment as "more compatible with a dysthymic disorder" than an "adjustment disorder" and concluded that it was non-severe. That terminology was not used in the PRTF, and was not used by Dr. John Price or the disability examiner in summarizing their findings regarding Molina's mental impairments. It is improper for an ALJ to go outside the record to assess a claimant's medical condition. See Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir.1975). The ALJ noted an absence of "significant vegetative symptoms such as anhedonia, appetite and weight change, decreased concentration, suicidal thoughts, sleep disturbance, psychomotor agitation or retardation or psychotic features consistent with a major depression." Some of those observations were contradicted by the PRTF and Molina's testimony. For example, Molina testified that her weight had changed from 125 to 156 pounds. Her medical records and testimony reflected that she had suffered from sleeplessness for years and had been on medication to alleviate it since 1991. Moreover, Dr. John Price had observed "psychomotor agitation or retardation" and that observation was indicated on the PRTF. An ALJ may not base the denial of benefits on his own observations when they are contradicted by objective evidence in the record. See Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985).
 It is true that the ALJ's ultimate conclusion that Molina's depression was non-severe was consistent with the ultimate conclusion of the PRTF. However, because he did not even seek further evidence from her treating psychiatrist and did not actually rely on the PRTF, which was the only psychiatric evidence in the record, he did not fulfill his duty to develop and review an entire record before rendering his decision. See Higbee, 975 F.2d at 561; DeLorme, 924 F.2d at 849.
 B. Other Errors
 Molina has raised other issues: (1) whether the ALJ failed to consider her combined impairments; (2) whether the ALJ failed to include all of her impairments in the hypothetical posed to the vocational expert; and (3) whether the ALJ erred in finding her pain testimony not entirely credible.[1] Resolution of those issues is dependent upon the proper consideration of a record which includes properly developed psychiatric evidence. Because we have concluded that the ALJ failed to fully develop and consider the entire record, we do not reach them.
 We, therefore, reverse the district court's judgment in favor of the Commissioner, and remand to the district court with instructions to remand to the Commissioner so that the ALJ may take further action to develop the record and redetermine Molina's eligibility for benefits.
 REVERSED and REMANDED.
 
 
 
 *
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. In accordance with § 106(d), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, the Secretary of Health and Human Services
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whether the ALJ erred in concluding that Molina's pain testimony was "not entirely credible" is not likely to be determinative of her eligibility for benefits. Molina testified that her pain was triggered by repetitive use of the hands and that she thought she could work in a job which did not require that. The treating and examining physicians agreed