Molly LUDWIG, SSN: 162–60–5187, Plaintiff—Appellant,

v.

William S. HALTER,* Commissioner of Social Security, Defendant—Appellee.

No. 99–56019.

D.C. No. CV–98–01559–JM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 2, 2001.

---

* William S. Halter is substituted for his predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Appeal from the United States District Court for the Southern District of California, Jeffrey T. Miller, District Judge, Presiding.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM **

Molly Ludwig appeals the judgment of the district court affirming the Commissioner's denial of disability benefits. We reverse. The parties are familiar with the

** This disposition is not appropriate for publication and may not be cited to or by the

facts, so we do not recite them here except as necessary to explain our decision.

■ 1. The Administrative Law Judge's ("ALJ") determination that Ludwig's alleged mental disability was not severe may be upheld only if it is supported by substantial evidence in the record. *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir.1991). "[A]n impairment may be found not severe only when *evidence establishes* a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir.1994) (citations and internal quotation marks omitted) (emphasis added); *see also* Soc. Sec. Ruling 85–28 (stating that "a claim may be denied at step two only if . . . a finding [that the relevant impairments are not medically severe] is *clearly established by medical evidence*") (emphasis added).

■ 2. Although the claimant bears the burden of proof where the evidence in the record is equivocal, the ALJ has a duty to assist in developing the record. *Armstrong v. Commissioner of Social Security*, 160 F.3d 587, 589–90 (9th Cir.1998); *see also Sims v. Apfel*, 530 U.S. 103, ——, 120 S.Ct. 2080, 2084, 147 L.Ed.2d 80 (2000); 20 C.F.R. § 404.1512(a) (instructing claimant that ALJ will consider "only impairment(s) you say you have or about which we receive evidence"); *id.* §§ 404.1512(d)-(f) (detailing the ALJ's duties to develop a claimant's complete medical history before making a determination of non-disability; to obtain additional information if reports from claimant's medical sources contain ambiguities or are otherwise "inadequate for us to determine whether you are disabled;" and to order a

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

consultative examination if unable to seek clarification from medical sources or if "the information we need is not readily available from the records of your medical treatment source"). The ALJ's duty is heightened where, as here, the claimant's ability to protect his or her interests may be adversely affected by a mental impairment, *see DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir.1991), or where the claimant is unrepresented, *see Higbee v. Sullivan*, 975 F.2d 558, 561–62 (9th Cir.1992).

■ The duty to develop the record is such that the ALJ may not decide an issue against the claimant based on the absence of evidence in the record. *See Armstrong*, 160 F.3d at 589–90. A consultative examination is "normally require[d]" where the evidence in the record is "not sufficient to support a decision." 20 C.F.R. § 404.1519a(b); *see also id.* §§ 404.1519a(b)(1), (4); *id.* § 404.1512(f) (stating that when evidence needed to make disability determination "is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense."). We have thus held that where, as here, the record is devoid of evidence to support a finding either for or against the claimant on a determinative issue, further development of the record, via consultation with a medical expert, is mandatory. *See Armstrong*, 160 F.3d at 589 (holding that

where record was unclear as to determinative issue, ALJ "committed reversible error" by deciding issue without consulting medical expert); *see also Hawkins v. Chater*, 113 F.3d 1162, 1167–69 (10th Cir.1997).

■ 3. Here, the ALJ relied on the report of Dr. Duke Phan, who conducted a "neurological and limited psychiatric examination" of Ludwig. We have carefully reviewed the Phan report, and the remainder of the record, and find in them no support whatsoever for the ALJ's finding that Ludwig "does not suffer a severe mental impairment," much less for his very detailed and specific findings that Ludwig "has no deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner, and no episodes of deterioration or decompensation in work or work-like settings which cause her to withdraw from that situation or to experience an exacerbation of her signs and symptoms."

Ludwig's asserted mental disability is, and from her first filing with the Social Security Administration has been, anxiety. Ludwig testified at the hearing concerning her anxiety impairment, and several of the medical reports before the ALJ indicated the examiner's recommendation that Ludwig seek treatment for her anxiety.[1] Dr. Phan, however, did not address Ludwig's anxiety, but discussed only her history of mild depression and alcoholism, neither of which was pertinent to her claim of mental disability.[2] The Phan report, in short,

---

1. Ludwig herself resisted, in writing and in her testimony, any suggestion that she was in any way "mentally" impaired. In context, however, her statements cannot be read to retract her claim of anxiety disorder. Rather, it is apparent from the record that Ludwig intended to deny only that she was *cognitively* impaired. Ludwig's disclaimer of cognitive dysfunction in no way undermines her application for disability on the basis of an anxiety disorder. Nor does it change the dispositive

fact that there was sufficient evidence in the record to alert the ALJ that she may have suffered from an anxiety disorder.

2. Indeed, the Phan report indicates that Dr. Phan had not even received Ludwig's medical records, although the Commissioner's regulations provide that where a consultative examination is ordered, the Commissioner *"will ... give the examiner any necessary background information about your condition."* 20 C.F.R. § 404.1517 (emphasis added).

does not even discuss the relevant mental impairment, much less provide substantial evidence in support of the ALJ's conclusion regarding its severity.

The record before the ALJ was not sufficient to support the determination that Ludwig's mental impairment was not severe. Accordingly, we reverse and remand to the district court with instructions to remand to the Commissioner for further development of the record.

REVERSED AND REMANDED WITH INSTRUCTIONS.