Diana **HORNBECK**, Plaintiff–Appellant,

v.

Michael J. **ASTRUE**,* Commissioner of Social Security, Defendant–Appellee.

No. 05–35704.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Sept. 10, 2007.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Paul B. Eaglin, Esq., Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Diana L. Hornbeck ("Hornbeck") appeals from the denial of her application for Supplemental Security Income disability benefits under Title XVI. We have jurisdiction under 28 U.S.C. § 1291 and now reverse.

The Administrative Law Judge ("ALJ") committed legal error when he refused to accept Hornbeck's proffer of medical records from the period when she was diagnosed with systemic lupus erythematosus ("lupus"). The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996)). Because Hornbeck was not represented by counsel before the ALJ, it was "'incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Higbee v. Sullivan,* 975 F.2d 558, 561 (9th Cir.1992) (per curiam) (quoting *Cox v. Califano,* 587 F.2d 988, 991 (9th Cir.1978)). Medical records from the period when

Hornbeck was diagnosed with lupus in 1984 could have helped resolve ambiguities as to the vicissitudes in Hornbeck's health and the causes of her maladies other than lupus. *See Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir.2005).

The ALJ did not meet his heavy burden to develop the record, so this case must be remanded. *Higbee,* 975 F.2d at 561.

We REVERSE and REMAND.

WALLACE, Circuit Judge, dissenting:

I would affirm the district court's judgment to uphold the Commissioner's decision. I would hold that the ALJ did not commit a reversible error of law by declining to review the medical records proffered by Hornbeck at the hearing, records which long preceded the relevant time period in this case.

The majority is correct that the ALJ has responsibility to fully and fairly develop the record and has added responsibility when a claimant is unrepresented by counsel. But that does not tell us when the ALJ should supplement the record. The ALJ's duty to supplement the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–460 (9th Cir.2001) (citation omitted). The majority fails to address this key issue.

Hornbeck has not demonstrated that the record was either incomplete or sufficiently ambiguous to trigger the ALJ's duty to conduct further inquiry. Accordingly, the ALJ committed no legal error by declining to consider the disputed medical records.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

Therefore, I would affirm the judgment of the district court.