**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RACHELL N. SAENZ,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant - Appellee.

No. 08-17405

D.C. No. 3:07-cv-05102-VRW

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Submitted December 11, 2009 [**]
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON and BEA, Circuit Judges.

Rachell N. Saenz appeals the district court's judgment entry of summary

judgment in favor of the Commissioner. We review de novo the district court's

grant of summary judgment. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

(per curiam). We affirm if substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards. *Id.*

We conclude the ALJ properly discounted the opinion of Saenz's primary care physician, Dr. Fordham, because the ALJ provided "specific and legitimate reasons supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted). The ALJ noted Dr. Fordham's own treating notes reported Saenz's Langerhans cell histiocytosis (LCH) was stable, and therefore did not support Dr. Fordham's conclusion that Saenz could not work. The ALJ properly credited the opinion of an examining pulmonary specialist as to the effects of Saenz's pulmonary disorder over that of Dr. Fordham, who is not a pulmonary specialist. *See* 20 C.F.R. § 416.927(d)(5). In addition, two other doctors concluded Saenz's medical records did not show residual effects from her LCH. We conclude that substantial evidence supported the ALJ's conclusion that Saenz could perform certain sedentary work.

Second, the ALJ did not improperly disbelieve Saenz's subjective complaints because he gave clear, convincing, and specific reasons for discrediting them. *See Lester*, 81 F.3d at 834. Specifically, he discredited Saenz's claims of debilitating eye pressure based on the opinion of an ophthalmologist who treated and examined Saenz. He discredited Saenz's claims of heart problems and other

2

symptoms, including fatigue, tied to her LCH, based on the testimony of a cardiologist who testified based on her treating records that she exhibited no residual symptoms.

Third, we reject Saenz's claim the Appeals Council erred in refusing to review her case based on an additional retroactive medical source statement (MSS) from Dr. Fordham. When a claimant submits new evidence, the Appeals Council reviews the ALJ's decision if, in light of the entire record including the new evidence, the ALJ's decision is contrary to the weight of the evidence. 20 C.F.R. § 404.970(b). Here, the MSS report simply restated Fordham's opinion Saenz could not work, an opinion substantial evidence contradicts.

Fourth, the ALJ did not err by not further developing the record for an unrepresented claimant. The ALJ sufficiently developed the record to support his conclusion that Saenz could perform certain sedentary work. *See Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir 1992).

**AFFIRMED.**

3