**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRIS R. DERVIN, | No. 08-56816 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-08217-RGK-PJW |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 1, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Iris Dervin received Social Security benefit payments from 1995 to 2002. In 2002, her benefits were retroactively terminated as of June 2000. Her benefits were terminated because she had engaged in periodic temporary employment constituting "substantial gainful activity" between 1998 and 2000.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Upon termination of her benefits, the Social Security Administration pursued reimbursement from Dervin of approximately $28,000 in disability overpayments. Dervin sought a waiver of the overpayment. She also brought a new petition for disability benefits, claiming she is disabled by schizophrenia and by knee and back pain. The ALJ denied Dervin's application for a waiver and petition for benefits. The district court affirmed. We review its legal determinations de novo and affirm the Commissioner's denial of benefits only when it is supported by substantial evidence in the record. Rollins v. Massanari, 261 F.3d 853, 855 (9th Cir. 2001); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). We reverse.

*A. Disability Determination*

The ALJ's determination that Dervin's physical ailments were not disabling was supported by substantial evidence in the record. There was no medical evidence to support a finding of disability based on Dervin's joint and back pain.

The ALJ's determination that Dervin was not mentally impaired lacks substantial evidence in the record. First, ALJ failed to account for two previous

2

determinations by the Social Security Administration that Dervin suffered from schizophrenia and was therefore disabled. The ALJ's finding that Dervin suffered from no mental limitation is patently incompatible with these previous findings and diagnoses, which are not addressed in the ALJ's discussion. Schizophrenia is not curable, and the record indicates that Dervin was not controlling her illness with psychiatric medication. The ALJ found that Dervin lacked "a treatment history with clinical and diagnostic findings." This finding is not supported by the record, which shows that Dervin was hospitalized for mental illness in 1994, and that for a period thereafter she was diagnosed with and received ongoing outpatient treatment for schizoaffective disorder.

The ALJ rejected the opinion of Dr. Walker, a psychiatrist that Dervin had seen at Kaiser Permanente. Dr. Walker opined in 2001 and again in 2004 that Dervin was mentally disabled. Although Dr. Walker's 2001 letter does not confirm a specific diagnosis, Dr. Walker's 2004 letters reference Dervin's psychiatric records at Kaiser Permanente, which he notes "reflects a long history of serious mental illness and diagnosis Schizoaffective Disorder." Dr. Walker agreed with that psychiatric diagnosis, and gave the names of her previous psychiatrists at Kaiser Permanente. It appears that the ALJ did not seek supplemental material

3

from the psychiatrists mentioned in Dr. Walker's letters, in spite of the ALJ's duty to fully and fairly develop the record in a social security case and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The duty to develop the record is heightened in cases where the claimant is mentally impaired. See Delorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). In cases of chronic mental impairment such as this one, the ALJ is required to gather all records of past treatment. Id. at 848 & n.17.

Instead, the ALJ relied on the opinion of Dr. Bagner, to whom Dervin was referred by Social Services for a psychiatric evaluation. Dr. Bagner was not a board-certified psychiatrist. He indicated that Dervin was his only source of information for his evaluation. Evidently, he did not obtain or read her medical records from Kaiser Permanente. Dr. Bagner was incorrect in his assessment of Dervin as a "reliable historian." Dr. Bagner based his opinion in part on Dervin's denials that she suffered from hallucinations or delusions, and that she had any history of suicidal thoughts. The record shows, however, that she had paranoid delusions regarding a conspiracy theory between her neighbors and her landlord, in which they spied on her and made noises as they followed her around, and a psychiatric history including hospitalization for suicidal ideation. (Dervin denies

4

that she is delusional, stating that the problems she has with her conspiratorial neighbors are real.) Additionally, Dr. Bagner's opinion was inconsistent with reports in the record from other medical professionals who encountered Dervin in the context of examining her physical ailments. An email to her referring physician from Rit Tun in Orthopaedics noted that during Dervin's visit Dervin exihibted "inappropriate behavior, was offensive to myself and the staff, exhibited paranoia, and heard voices over the intercom that were supposedly derogatory to her." Rit Tun noted that Dervin "seem[ed] to be well-functioning" but was "concerned that she may have schizophrenia" and recommended Dervin be evaluated. Similarly, the notes from Dervin's chiropractor reveal that she was asked to leave the treatment facility and treatment was discontinued because of Dervin's inappropriate behavior (apparently auditory hallucinations related to Dervin hearing noises coming through the walls).

The ALJ erred in rejecting Dr. Walker's opinion in favor of Dr. Bagner's opinion. The ALJ found that because Dervin had seen Dr. Walker only twice, he was not a "treating physician" for purposes of the ALJ's disability determination. We disagree. Kaiser Permanente is a medical group, in which patients may see different doctors on different visits. Although Dr. Walker did not prescribe

5

psychiatric medication to Dervin, it appears that his opinion represents the long history of Dervin's treatment at Kaiser Permanente for psychiatric illness. Thus, the ALJ could not reject it in favor of Dr. Bagner's opinion without giving "specific, legitimate reasons for doing so that are based on substantial evidence in the record." See Morgan v. Comm'r of Soc. Security Admin., 169 F.3d 595, 600 (9th Cir. 1999). The ALJ failed to account for the evidence in the record of Dervin's mental illness, and did not give specific, legitimate reasons based on substantial evidence for rejecting Dr. Walker's opinion. The evidence in the record as a whole unambiguously supports the conclusion that Dervin is mentally ill. Accordingly, we reverse the ALJ's determination that Dervin was not mentally impaired, and remand for further proceedings consistent with this disposition.

### B. Waiver of Overpayment

Overpayments are amounts paid to the beneficiary in excess of the amount due to that individual under the Social Security Act or payments resulting from the failure to suspend, reduce, or terminate benefits. 20 C.F.R. § 404.501(a). The Social Security Act provides that the Administration may seek recovery of the amounts that were overpaid. 20 C.F.R. § 404.501(a). The individuals who

received the overpayments are entitled to "immediate notice" "[w]henever an initial determination is made" that there has been an overpayment and that the Administration seeks "adjustment or recovery of the overpayment[.]" 20 C.F.R. 404.502a.

The Act and regulations also provide, however, that "there shall be no adjustment or recovery in any case where an overpayment under title II has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." 20 C.F.R. § 404.506. An individual is at "fault" for the overpayment for purposes of a waiver request if the facts show that the overpayment resulted from

(a) An incorrect statement made by the individual which

he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or

should have known to be material; or

(c) With respect to the overpaid individual only,

acceptance of a payment which he either knew or could

have been expected to know was incorrect.

20 C.F.R. § 404.507. Additionally, the Social Security Administration considers "all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations ... the individual has." 20 C.F.R. § 404.507.

The ALJ found that Dervin was at fault because she failed to fully represent her work activity to the Social Security Administration. The record shows that Dervin made reports to the Social Security Administration regarding her work activities, but a continuing benefits audits revealed that those reports were incomplete. The ALJ failed to take into consideration all pertinent circumstances when determining whether Dervin was at fault for the overpayment. The Social Security Administration held a hearing in November 2001 and sent Dervin a decision indicating that she was entitled to benefits. Thus, at least for the period following that decision, Dervin reasonably relied on the Social Security Administration's written determination of her eligibility in continuing to receive payment of those benefits.

Moreover, the ALJ failed to take into account Dervin's mental illness and the prior determinations that Dervin was mentally ill in denying the waiver. It

8

would be particularly unjust to require repayment if in fact Dervin's mental condition is responsible for her current predicament. The law recognizes that the mentally ill often act in ways that contradict their best interests. Cf. Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir. 1992) ("The duty to provide an adequate record is of extraordinary importance when a person once found eligible for S.S.I. benefits may be in danger of losing them because he is too ill to act in his own best interests."). Multiple sources reflect Dervin's pre-occupation with her lack of ability to work and her financial situation. Ann Bassett, Dervin's counselor, diagnosed her with "adjustment disorder" and "acute stress disorder" tied to the loss of her job in 1994. Bassett noted that Dervin "suffers from extreme financial stress" and that "all her stress began in 1994, when she lost two jobs" and that she "needs to work." Dr. Walker noted in his 2004 letter that Dervin "says she used to be a 'work horse' and finds the change to being disabled very frustrating" and "feels worthless at times." Dervin discussed with her social worker her obsession with finding the right job, and her work activity reports indicate (counter to her interest) time spent looking for work. Yet in her self-reporting, Dervin focuses on physical ailments, denies her mental problems, and does not connect her inability to hold any job with her mental illness (attributing her failures to being "let go" or a "misplaced position"). Dervin's paranoia regarding her financial instability and

9

resulting attempts to work may have inadvertently caused those fears to materialize when the Social Security Administration simultaneously denied her the benefits upon which she depends and informed her she owed them an insurmountable debt.

We reverse the ALJ's determination that Dervin was at fault for the overpayment, and remand to the ALJ to waive the claim for the overpayment.

REVERSED and REMANDED.

*Dervin v. Astrue*, No. 08-56816

CALLAHAN, CIRCUIT JUDGE, dissenting:

I agree with the majority's conclusions that Petitioner Iris Dervin's physical impairments are not disabling and that she is disabled due to a psychiatric impairment, but I dissent from the remainder of the majority's decision. I would affirm the Administrative Law Judge's determination that Dervin was not entitled to a waiver of the overpayment of Social Security benefits payments because she was "at fault" for the overpayments. *See* 20 C.F.R.§§ 404.506 & 404.507. In my view, substantial evidence supported this decision. Because the majority would reverse on this issue, I dissent.