

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOYD SPENCE,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>        Defendant - Appellee. | No. 13-35911<br><br>D.C. No. 6:12-cv-00426-HU<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 8, 2015[**]
Portland, Oregon

Before: N.R. SMITH and OWENS, Circuit Judges, and HAYES,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Floyd Spence appeals the district court's order affirming the Commissioner of Social Security's denial of his application for disability insurance benefits under Titles II and XVI of the Social Security Act.

1.      The Administrative Law Judge ("ALJ") did not err in concluding that Spence did not have a severe mental impairment under Step Two. Spence did not assert before the agency that he was disabled based on a mental impairment. Spence's only reference to a mental limitation was his dyslexia. However, Spence now (and before the district court) argues that the ALJ erred by failing to include the mental limitations suggested in his mother's statement and allegedly noted in Spence's medical records. Spence's mother suggested that Spence was depressed and had short-term memory loss and "sundowners." However, there is no objective medical evidence to support such suggestions of mental limitations. Further, none of the medical records contained evidence of a mental limitation. Although Spence's nurse practitioner and the examining physician made comments about Spence talking incessantly, being tangential, and having fixated thinking, none of these comments suggest that Spence suffered from a mental limitation. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164-65 (9th Cir. 2008). Thus, the ALJ did not err in not including unsupported allegations or unrelated comments in Spence's assessment at Step Two.

2

The ALJ listed Spence's learning disability as non-severe. Spence asserts that the ALJ erred by not addressing the limitation factors under 20 C.F.R. § 404.1520a. To the extent that the ALJ erred in not addressing the factors, it was harmless, because Spence has not "demonstrated a colorable claim of mental impairment." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 727 (9th Cir. 2011).

2.     The ALJ's duty to develop the record regarding a mental impairment was not triggered. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Higbee v. Sullivan*, 975 F.2d 558, 561-62 (9th Cir. 1992) (per curiam). Spence did not claim a mental impairment before the ALJ. Spence does not point to any objective medical evidence of a mental impairment. Spence has not established that the record was ambiguous or inadequate to allow for proper evaluation with regard to his mental health. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Although comments were made by medical providers, suggesting that Spence talked incessantly and had trouble staying on track, there is no evidence that triggered the ALJ's duty to develop the record further.

3.     The ALJ did not fail to provide clear and convincing reasons for rejecting Spence's testimony concerning the debilitating effects of his impairments. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). First, Spence's subjective

3

complaints of pain were not supported by the medical evidence. *See Chaudhry v. Astrue*, 688 F.3d 661, 670-671 (9th Cir. 2012) (holding that the ALJ properly relied on medical evidence undermining claimant's subjective assessment of limitations). Second, the ALJ found that Spence exaggerated his limitations. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Third, although an ALJ may not discredit pain testimony merely because the reported degree of pain is unsupported by objective medical findings, the ALJ provided additional valid reasons for discounting Spence's complaints of disabling pain, including the lack of medication and the ability to do household chores. *See Berry v. Astrue*, 622 F.3d 1228, 1234-35 (9th Cir. 2010).

4.      The ALJ properly rejected lay witness testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In his opinion, the ALJ specifically rejected the statements of Spence's mother, because they were (1) outside the relevant period of disability and (2) contradicted by the objective medical evidence. These are both germane reasons for discrediting his mother's testimony.[1]

5.      Substantial evidence supports the ALJ's conclusion that Spence could perform other work in the national economy. First, Spence's argument that the

_____

[1] Spence did not challenge the ALJ's rejection of his sister's statement. Thus, it is waived. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009).

ALJ erred in not considering Spence's mental limitations fails for the same reasons as stated above. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[T]he ALJ must only include those limitations supported by substantial evidence."). Second, the ALJ did not err in not including in the hypothetical to the vocational expert Spence's asserted limitation that he needs to lie down during the day. The ALJ gave great weight to the medical provider's residual functional capacity,[2] which did not include that limitation. The ALJ rejected Spence's testimony with regard to his limitations as not credible; thus, the ALJ did not err. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("Under [the substantial evidence] standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." (citations omitted)).

**AFFIRMED.**

---

[2] Spence did not specifically challenge the ALJ's reliance on the medical providers' assessments.