**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHLEEN M. BURKE,

      Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

      Defendant - Appellee.

No. 14-35780

D.C. No. 3:13-cv-05548-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted April 28, 2016[**]

Before: THOMAS, Chief Judge, and D.W. NELSON, and LEAVY, Circuit Judges.

    Kathleen M. Burke appeals the district court's judgment affirming an

Administrative Law Judge's ("ALJ") decision denying her application for

disability insurance benefits under Title II of the Social Security Act.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse and remand for further proceedings.

The ALJ failed to provide specific, clear, and convincing reasons for finding Burke not fully credible.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (ALJ must provide "clear and convincing" reasons for discrediting a claimant absent "affirmative evidence" of malingering) (citation and internal quotation marks omitted)).  The ALJ erred in concluding that Burke's application for and receipt of unemployment benefits undermines her credibility where the record does not establish whether Burke held herself "out as available for full-time or part-time work." *Id.* at 1161-62; *see also* Wash. Rev. Code § 50.20.119 (setting forth part-time work exception).  Further, the Commissioner does not contest the district court's finding that the ALJ erred in discounting Burke's credibility based on her minimal treatment and daily activities.  The errors were not harmless because the only remaining reasons to discount Burke's credibility were her inconsistent reporting regarding her Crohn's disease and reasons for leaving her job, which do not amount to substantial evidence.  *See Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012).  Thus, on the record before us, we do not sustain the negative credibility assessment.

Burke also argues that the ALJ failed to fulfill his duty to fully and fairly

develop the record because the ALJ failed to ask Burke questions regarding her receipt of unemployment benefits, daily activities, treatment, and ability to work, and did not request records pre-dating her alleged disability onset date. *See Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) (explaining that an ALJ "has an independent duty to fully develop the record"). For the reasons discussed above, we agree that the ALJ failed to develop the record regarding Burke's receipt of unemployment benefits, minimal treatment, and daily activities. The ALJ had a heightened duty to develop the record because Burke was unrepresented at the hearing. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ( "When the claimant is unrepresented, . . . the ALJ must be especially diligent in exploring for all the relevant facts.").

However, because "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle*, 533 F.3d at 1165, we conclude that the ALJ was not required to obtain additional medical records. Moreover, the ALJ left the hearing open for Burke to submit additional medical records, which she did. Further, after the ALJ issued his decision, Burke obtained counsel who submitted additional medical records, which the Appeals Council made part of the record. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (20 C.F.R. § 404.970(b) "permit[s] claimants to submit new and material

14-35780

evidence to the Appeals Council").

We therefore reverse and remand to the district court with instructions to remand to the Social Security Administration for further proceedings. On remand, the ALJ should further develop the record regarding Burke's daily activities, minimal care, and application for and receipt of unemployment benefits, and reassess Burke's testimony regarding her limitations.

Burke is awarded costs on appeal.

**REVERSED and REMANDED.**