**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMA KLEIN, | No. 16-16353 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02584-CKD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted November 17, 2017**
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

Emma Klein appeals the district court's decision affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The administrative law judge (ALJ) did not commit reversible error in determining that Ms. Klein's subjective complaints were not wholly credible. When a claimant presents objective evidence of an underlying impairment, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). The ALJ provided at least three reasons for discounting Ms. Klein's subjective complaints—taken together, they are clear and convincing. First, the ALJ found Ms. Klein's allegations inconsistent with the objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(2); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Second, the ALJ found Ms. Klein's allegations inconsistent with her daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). Third, the ALJ found

Ms. Klein's allegations inconsistent with the medical opinion evidence. *See*

*Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).[1]

2.      The ALJ did not err by finding that Ms. Klein had the residual functional

capacity (RFC) to perform sedentary work with certain limitations. The court must

affirm the ALJ's RFC determination if his decision is supported by substantial

evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Here, the

medical opinion evidence supports the RFC assessment. The ALJ relied on the

uncontradicted opinions of two state agency medical consultants who opined that

Ms. Klein could perform a wide range of exertional work. The ALJ also relied on

two state agency psychological consultants who opined that Ms. Klein could

perform simple tasks in a setting with low social demands. And he relied on a

consultative psychiatric examiner, Dr. Whitten, who concluded that Ms. Klein

could perform simple, repetitive tasks and accept instructions from supervisors. Dr.

Whitten did opine that Ms. Klein's symptoms may impact her ability to work

reliably and consistently, but the ALJ accurately summarized Dr. Whitten's

opinion. The ALJ reasonably applied the combination of five expert opinions in

forming his RFC assessment.

---

[1]      The ALJ provided a fourth reason: Ms. Klein did not seek treatment for her symptoms between May 18, 2008 and February 9, 2012. We do not address this basis for the ALJ's finding because the other three bases are sufficient.

The medical record evidence also supports the ALJ's conclusion that Ms. Klein could at least perform sedentary work. Ms. Klein's cardiac treatment reports showed that she was stable post-surgery. The ALJ found that Ms. Klein's cardiac examinations were within normal limits. Ms. Klein does not challenge this finding. Nor does she challenge the ALJ's finding that Ms. Klein's INR results (a blood test to measure clotting time) were in therapeutic range. And in July, August, and September 2013, Ms. Klein's cardiologist reported that she was "able to perform her daily activities without any specific limiting symptoms."

The ALJ did not err in excluding Ms. Klein's purported need to lie down from the RFC assessment. In determining a claimant's RFC, an ALJ is not required to incorporate testimony found to be not credible. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). As explained above, the ALJ found Ms. Klein's subjective complaints not fully credible.

3.     The ALJ did not fail to fully and fairly develop the record regarding Ms. Klein's coronary impairment. When a claimant is not represented by counsel, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). Pursuant to the Listings of Impairments, ALJs are directed to wait until a cardiac

4

impairment is stable before making a determination. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.00(B)(4)(a). The ALJ relied on cardiac examination records conducted months after Ms. Klein's surgery. These records expressly stated that Ms. Klein's cardiac impairment was stable.

The ALJ did not fail to develop the record by disregarding cardiac test results. All of the records cited by Ms. Klein were attached to the ALJs decision, and there is no evidence that any record was ignored. Furthermore, each of the records cited by Ms. Klein contain evidence supporting the ALJ's findings. Thus, substantial evidence supports the ALJs evaluation of Ms. Klein's coronary impairment. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

4.      The vocational expert's testimony constitutes substantial evidence to support the ALJ's finding of non-disability. When posing a hypothetical to a vocational expert, an ALJ "need not include all claimed impairments," but "he must make specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). Here, the ALJ explained his rationale for discounting Ms. Klein's subjective complaints. He also reasonably interpreted the testimony of all three psychological experts. And there was no error due to inconsistency between the vocational expert's answers and the Dictionary of

5

Occupational Titles because the ALJ determined that there was a basis for relying on the expert. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

**AFFIRMED.**